LOUIS DEANGELIS et al., Respondents-Appellants, *v.* WILMA FRIEDMAN et al., as Executors and Trustees of N. JOSEPH FRIEDMAN, Deceased, Appellants-Respondents.

Third Department, November 21, 1974.

*Berger & Friedman* (*Joseph Friedman* of counsel), **for** appellants-respondents, individually.

*Whalen & O'Neill* (*James T. Whalen* of counsel), for appellants-respondents, as executors.

*Oppenheim & Drew* (*Theodore Drew* of counsel), for respondents-appellants.

SWEENEY, J. This is an action for malpractice. There are no factual disputes. Plaintiffs were involved in an automobile accident in New York State on July 7, 1965. They retained a New Jersey attorney who turned the matter over to N. Joseph Friedman, a New York attorney, in July of 1966. He commenced negotiations in an attempt to bring about a settlement of the matter. The record contains a series of letters between Friedman, the adjusters and the New Jersey attorney pertaining to offers, counteroffers and recommendations. On April 4, 1968 Friedman died without effecting a settlement or commencing actions. On June 24, 1968 defendants were appointed executors of Friedman's estate in Surrogate's Court, Greene County. The Statute of Limitations ran on plaintiffs' negligence actions on July 7, 1968.

Plaintiffs thereafter commenced the present action against Friedman's estate by service of a summons upon the Clerk of the Greene County Surrogate's Court. Defendants answered and appeared generally. Subsequently, plaintiffs were granted leave to amend the complaint to assert an additional cause of action against defendants as executors and, in their individual capacities, alleging, in substance, a failure in not seeking to prosecute plaintiffs' actions. The answer of the defendants, individually and as executors, by their attorneys, Berger & Friedman, alleges the Statute of Limitations as a defense. The amended complaint was not served until January 22, 1973, some 18 months after the Statute of Limitations had run. Plaintiffs now concede the statute is a bar to the second cause of action as it pertains to defendants in their individual capacities. Since the answer to the amended complaint timely raised this defense on behalf of defendants in both their individual and representative capacities, the statute bars the second cause of action against defendants in both capacities. The motion to dismiss such cause of action should have been granted by Special Term.

With respect to the first cause of action, defendants contend that service on the Clerk of the Surrogate's Court did not confer jurisdiction in the Supreme Court over defendants as executors of Friedman's estate. If there is any merit to this defense, it was waived by defendants when they answered and appeared generally without pleading the defense in their answer. (CPLR 320.)

The defendants further contend that Friedman was not guilty of malpractice as a matter of law since, at the time of his death, there still remained some three months in which to commence the actions. This issue narrows to whether or not the decedent attorney was guilty, on this record, of malpractice for not having commenced the actions prior to his death. We find no previous case in point. The record reveals that decedent had the matter in his office for some 20 months; that the clients had refused the highest offer of settlement obtained by December 7, 1967, with instructions to Friedman by the New Jersey attorney to proceed with formal litigation; that this offer of settlement was subject to withdrawal by the insurance company if not accepted within 30 days, which time had expired in late November, 1967; that, with only six months left in which to sue the case, Friedman went to Florida on a three-month visit and did not return until April, 1968; that Friedman did not maintain in his office a diary of time limitations for pending matters; that he was, in reality,

a one-man office although several other attorneys were listed on his stationery. Special Term concluded that there were issues of fact to be submitted to a jury and denied both parties' motions for summary judgment. With this result we agree.

The order should be modified, on the law and the facts, so as to grant the motion to dismiss the second cause of action, and, as so modified, affirmed, without costs.

KANE and REYNOLDS, JJ., concur; HERLIHY, P. J., and MAIN, J., dissent and vote to grant summary judgment in favor of defendants dismissing the complaint.

Order modified, on the law and the facts, so as to grant the motion to dismiss the second cause of action, and, as so modified, affirmed, without costs.