■ THOMAS G. BAGGETT, Respondent, v STATE OF NEW YORK, Appellant. (Claim No. 71161.) Memorandum: The failure to serve a notice of intention to file claim upon the Attorney-General in the manner required by law is a fatal jurisdictional defect *(see, Byrne v State of New York,* 104 AD2d 782, *lv denied* 64 NY2d 607). At the time claimant attempted to serve the notice of intention upon the Attorney-General, Court of Claims Act § 11 required that a copy of the notice of intention be "served" upon the Attorney-General unless the Clerk of the Court of Claims "delivered" a copy to the Attorney-General within the statutory time period. No proof was submitted that the Clerk of the Court of Claims made such a delivery.

Although Court of Claims Act § 11 does not, *in haec verba,* require personal service, the CPLR provisions governing practice in Supreme Court apply *(see,* Court of Claims Act § 9 [9]). The CPLR requires personal service (CPLR 307, 308; *Matter of Scott v Coughlin,* 111 AD2d 480, *lv denied* 65 NY2d 606; *Matter of Harlem Riv. Consumers Coop. v State Tax Commn.,* 44 AD2d 738, *affd* 37 NY2d 877). Hence, service of a copy of

the notice of intention by ordinary mail was insufficient to acquire personal jurisdiction over the State, and the claim must be dismissed. (Appeal from order of Court of Claims, Lowery, J.—dismiss claim.) Present—Dillon, P. J., Denman, Green, Pine and Balio, JJ.