■ MICHAEL A. THOMAS, Respondent, v STATE OF NEW YORK, Appellant.—Levine, J. Appeal from an order of the Court of Claims (Hanifin, J.), entered March 3, 1988, which denied the State's motion to dismiss the claim.

Claimant, a State prison inmate, commenced this action against the State for the alleged negligent destruction of his property. After serving its answer the State moved to dismiss the claim on the ground that the Court of Claims lacked jurisdiction over the claim because the Attorney-General was served by ordinary mail, rather than by personal service or certified mail as required by Court of Claims Act § 11. The Court of Claims denied the motion to dismiss, ruling that the defective service did not deprive the court of subject matter jurisdiction and, furthermore, that the State had waived its objection to the lack of personal jurisdiction by failing to raise it in its answer (CPLR 3211 [e]). The State appeals.

In support of its contention that the defective service deprived the court of subject matter jurisdiction, the State relies on cases which involve a failure to comply with the filing requirements and time limitations contained in Court of Claims Act § 10 or that statute's predecessor (see, e.g., Buckles v State of New York, 221 NY 418, 424; Byrne v State of New York, 104 AD2d 782, lv denied 64 NY2d 607). Although it is clear that failure to timely comply with the filing requirements is a fatal error relating to the court's ability to entertain the claim (see, Byrne v State of New York, supra, at 783-784), here there is no contention that claimant made such an error. Rather, the error involved in this case, service upon the Attorney-General by ordinary mail, has been held to give rise to a defect in personal jurisdiction over the State (see, Baggett v State of New York, 124 AD2d 969, 970). Although the State contends that it is not subject to the waiver provision set forth in CPLR 3211 (e), this court's decision in Trayer v State of New York (90 AD2d 263) holds otherwise. Hence, there should be an affirmance.

Order affirmed, without costs. Casey, J. P., Mikoll, Yesawich, Jr., Levine and Harvey, JJ., concur.