■ JEFFREY REED, Respondent, v STATE OF NEW YORK, Appellant. (Action No. 1.) McCLEAN MAYERS, Respondent, v STATE OF NEW YORK, Appellant. (Action No. 2.)—Kane, J. Appeals from two judgments in favor of claimants, entered June 27, 1988, upon decisions of the Court of Claims (Margolis, I., J.).

Claimants commenced two separate actions against the State. In both actions, although the required notices of claim were timely filed, they were not served upon the Attorney-General in accordance with the provisions of Court of Claims Act § 11. That statute provides that a copy of the claim "shall be served personally or by certified mail * * * upon the attorney general" (Court of Claims Act § 11). In both actions, the Attorney-General was served by ordinary mail. However, in action No. 1 the State never asserted the defense of lack of personal jurisdiction in its answer, and while it did move to dismiss the claim on that basis, the motion was not made until after over two years had passed since the service of its answer. Likewise, in action No. 2, not only did the State not interpose this defense in its answer, it never moved to dismiss but instead raised the defense of lack of jurisdiction for the first time at the commencement of trial.

In both cases, the Court of Claims ruled that the State had

waived its right to assert the defense of lack of personal jurisdiction. The court then proceeded to the merits of the cases, deciding each in claimants' favor. The State has appealed, raising only the jurisdictional argument.

The State contends that because its waiver of sovereign immunity is not absolute, the serving and filing requirements of the Court of Claims Act are conditions precedent to suit and must be satisfied for the Court of Claims to have jurisdiction. It is true that in the absence of statutory authority, a waiver cannot be imputed to the State *(see, Matter of Jamestown Lodge 1681 Loyal Order of Moose [Catherwood]*, 31 AD2d 981, 982). However, procedures not set forth in the Court of Claims Act are governed by the CPLR (Court of Claims Act § 9 [9]). Here, Court of Claims Act § 11 does not detail the effect of a failure to timely object to improper service. Reference is therefore made to the CPLR which specifically provides that when a party fails to move to dismiss for lack of personal jurisdiction or to assert such a defense in its answer, such an objection is deemed waived (CPLR 3211 [e]; *see, De Angelis v Friedman,* 46 AD2d 66, 68, *appeal dismissed* 38 NY2d 737; 4 Weinstein-Korn-Miller, NY Civ Prac ¶ 3211.02 [CPLR 3211 (e) "applicable to motions made by the State"]). Although the State did move to dismiss in action No. 1, CPLR 3211 (e) requires that the motion be made prior to answering or within the time required to answer. Here, the motion was made well past the State's required answering time *(see,* 22 NYCRR 206.7).

We reject the State's contention that the issue of proper service is a question of subject matter jurisdiction. The cases cited by the State are inapposite. They either involved situations where a motion was properly made and thus did not concern the issue of waiver *(see, e.g., Baggett v State of New York,* 124 AD2d 969), or dealt with such issues as the timeliness of a claim which is concededly a question of subject matter jurisdiction *(see, e.g., Byrne v State of New York,* 104 AD2d 782, *lv denied* 64 NY2d 607; *Jones v State of New York,* 69 AD2d 936, *affd* 51 NY2d 943). In our view, the manner of service was a question of personal jurisdiction only and was therefore subject to being waived as a defense by the State *(Thomas v State of New York,* 144 AD2d 882). In so concluding, we are careful to note that this does not mean that had the State properly asserted its objection in each case, service by ordinary mail would have been permitted *(see, Baggett v State of New York, supra).*

Judgments affirmed, without costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.