OPINION OF THE COURT
Gerard M. Weisberg, J.
The issue before us is whether service of a notice of intention to file a claim by United States Postal Service Express *136 Mail without requesting a return receipt satisfies Court of Claims Act § 11. While we think it is debatable whether or not the Legislature intended the term "certified mail” to encompass Express Mail, we hold that the claimant’s failure to request a return receipt renders the service defective in any event.
On May 26, 1988, the office of the Attorney-General received claimant’s notice of intention sounding in medical malpractice. It had been served by Express Mail and, apparently, no return receipt had been requested.[1] Thereafter, the claim was served and filed but more than 90 days after accrual of the cause of action. The answer raised the issue of improper service of the notice of intention as a jurisdictional defect. Claimant now moves for, among other things, an order declaring the service to have been valid and vacating the defense.
Court of Claims Act §§ 10 and 11 provide that an unintentional tort claim must be served and filed within 90 days of accrual of the cause of action unless a notice of intention is served and filed within such time. This claim is therefore untimely unless the notice of intention was properly served.
Section 11 provides that a claim or notice of intention shall be served personally or by certified mail, return receipt requested. (See also, CPLR 307.) Claimant argues that there is essentially no or very little difference in sending something by Express Mail instead of by certified mail and therefore moves to uphold the service.
Although we have been directed to no published authority on point, the related issue of the service of a claim by Express Mail has been addressed in three unreported Court of Claims opinions. (Brewer v State of New York, Ct Cl, June 22, 1989, Hanifin, J.; Adames-Rios v State of New York, Ct Cl, Apr. 5, 1989, Orlando, J.; Bare v State of New York, Ct Cl, Sept. 15, 1988, E. Margolis, J.)
In Adames-Rios (supra) and Bare (supra), the service was held to be defective. Both opinions posit the enumeration of specific methods of service in section 11 necessarily excludes all others. As the jurisdictional prerequisites of this court must be strictly construed (Byrne v State of New York, 104 AD2d 782, lv denied 64 NY2d 607), they conclude that Express *137 Mail service, albeit similar to certified mail, must be unauthorized and improper. (See also, Matter of Marshall v State of New York, 144 Misc 2d 193 [service of claim by fax unauthorized].) In addition, in 1988 there was legislation pending that would have amended section 11 to specifically approve Express Mail service. (See, Senate Bill No. 4368; Assembly Bill No. 11703.) If such service had already been proper, the Bare court noted, there would be no need for the change. (Bare v State of New York, Ct Cl, Sept. 15, 1988, supra, at 2 [E. Margolis, J.].)
The Brewer court reached a contrary result. In that tribunal’s view, "the essence of proper service by mail under section 11 is the return receipt prepared by the postal service, a non-party, which creates a written record that service was, in fact, effected. To view the matter otherwise would be to raise form over substance.” (Brewer v State of New York, Ct Cl, June 22, 1989, supra, at 6-7 [Hanifin, J.].)
We think there is considerable doubt as to which of these constructions is the correct one. On the one hand, the maxim expressio unius est exclusio alterius is applicable to the interpretation of statutes. (McKinney’s Cons Laws of NY, Book 1, Statutes § 240.) The Legislature’s failure to include Express Mail as an authorized mode of service therefore implies its intention to exclude it. (See, Pajak v Pajak, 56 NY2d 394; Golden v Koch, 49 NY2d 690; City of New York v New York Tel. Co., 108 AD2d 372.) This view finds support in subsequent events, to wit, the proposed amendment to section 11 which would have explicitly authorized such service in the future.
Alternatively, a legislative memorandum in support of Senate Bill No. 4368 provides in pertinent part: "It is proposed that section 11 of the Court of Claims Act be further amended to reflect the availability of other forms of mail service for commencing [an] action (it should be noted that private forms of service by Federal Express or the like are apparently not contemplated by the 1984 Amendment, and would therefore be deemed null and void).”
The amendment referred to is presumably Laws of 1984 (ch 427) which modified section 11 to authorize service on the Attorney-General by "certified mail, return receipt requested”. The implication is therefore that service by other forms of United States mail, such as registered or Express Mail, were always intended to be included. In other words, since registered and Express Mail are arguably just safer or more *138 expedited forms of certified mail,[2] it was always contemplated that they were included in the somewhat generic term "certified mail.” The proposed amendment was intended to do no more than clarify this.
Be that as it may, whether Express Mail is or is not construed as a subset of certified mail, section 11 still requires that a return receipt be requested. In fact it was this receipt, the execution of which is supervised by the Postal Service, which the Brewer court considered the "essence of proper service under section 11.” (Brewer v State of New York, Ct Cl, June 22, 1989, supra, at 6 [Hanifin, J.].) Moreover, in the proposed amendment referred to above, the return receipt requirement was to have been deleted. The Attorney-General, however, strenuously objected to that aspect of the proposal *139 and the legislation has to date not been enacted. We therefore conclude that the requirement that a return receipt be requested is jurisdictional in nature in and of itself. The purported service here, having not employed one, fails that test.[3]
Claimant urges that no prejudice flowed from its choice of an unauthorized method of service. Even if true, it is irrelevant. "Notice received by means other than those authorized by statute does not bring a defendant within the jurisdiction of the court”. (Maechia v Russo, 67 NY2d 592, 595; see also, Marine Midland Realty Credit Corp. v Welbilt Corp., 145 AD2d 84.) While nonjurisdictional defects may be corrected or disregarded by the court (CPLR 2001; see, e.g., Calabrese v Springer Personnel, 141 Misc 2d 566; Williams v State of New York, 77 Misc 2d 396) where preserved, jurisdictional ones may not. (See, e.g., Reed v State of New York, 147 AD2d 767; Baggett v State of New York, 124 AD2d 969.)
For the foregoing reasons, the motion is denied.

. The notice of intention had been filed with the clerk of this court on May 24, 1988.

. Claimant also attempted to retrieve a copy of the Postal Service’s receipt but was informed that it had been discarded. Even if available, however, we note that it was not the "return receipt” referred to in section 11. (See, n 2, supra.) Moreover, the utility of the statutory requirement is illustrated by these very circumstances: if claimant had requested her own receipt, she would not now have to rely on the vagaries of Postal Service storage limitations to prove delivery.

. Certified mail is actually handled in transit as ordinary first-class mail and no insurance coverage is provided (Domestic Mail Manual [DMM] § 912.1). The difference is that it will only be released to the addressee upon such person, or his or her authorized agent, signing a delivery receipt (DMM §§ 911.41, 912.51) which is retained by the Postal Service for two years. (DMM § 912.54.) In addition, if the article is brought to a post office or personally handed to a letter carrier, a receipt of' mailing can be obtained. (DMM §§912.1, 912.43, 912.44.) For an additional fee, a "return receipt” may also be requested. (DMM §§ 912.1, 932.11, 932.2.) This is an additional document which is signed by the addressee and mailed directly back to the sender. (DMM § 297.)
The registered mail system is designed to provide "added protection for valuable and important mail.” (DMM §911.11.) Postal insurance coverage may be purchased and the mail’s movement is monitored from the point of acceptance to delivery. (Id.) Registered mail may not be left in a collection box but must be brought to a post office or rural carrier (DMM §§ 911.13, 911.14) whereupon a mailing receipt is issued. (DMM § 911.38.) Delivery is effectuated under the same procedures as certified mail and a return receipt may be requested. (DMM §§ 911.152, 911.41.)
Express Mail actually encompasses several forms: Express Mail Same Day Airport Service, Express Mail Custom Designed Service, Express Mail Next Day Service, Express Mail Second Day Service and Express Mail Military Service. (DMM § 221.2.) Inasmuch as Next Day Service was employed here, we limit our discussion to its characteristics. Similar to certified mail, Express Mail may be deposited in a letter drop provided it is denominated as an Express Mail collection box. (DMM § 273.22.) If a mailing receipt is desired, however, the article must be brought to a post office. (DMM § 294.) Transit is expedited and the Postal Service provides a limited indemnity if the item is not delivered on time. (DMM §§ 295.24, 296.) It is also insured at no additional cost. (DMM § 295.1.) The procedure on delivery is similar to certified mail and a return receipt can be requested. (DMM § 932.11.) One difference is that the sender can waive the requirement that the addressee sign for the article, authorizing the delivery employee to execute the receipt if, in his or her judgment, the item can be left in a secure location. (DMM § 263.2.)