OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
Claimant obtained an order from the Court of Claims granting permission to file a late claim against the Thruway Authority for personal injuries sustained on January 19, 1983 in an automobile accident. Claimant served defendant Thruway Authority personally on July 5, 1984 and on July 16, 1984 he filed a copy of the order and the claim with the Clerk of the Court of Claims. The Attorney-General was not served with either the claim or the order although the order specified that the claim be filed "in compliance with applicable statutes and court rules (see, e.g., Court of Claims Act [§ ] 11; CPLR 307; 22 NYCRR 1200.4, 1200.5) within thirty (30) days after notice of entry hereof.” Claimant took no action in the matter for approximately 32 months when he served a notice of discovery and inspection on the Attorney-General. The State then moved to dismiss for failure to make service upon the Attorney-General as required by Court of Claims Act § 11.
The Court of Claims denied the State’s dismissal motion, holding that service upon the Attorney-General was not required to commence an action against the Thruway Authority. The Appellate Division rejected this position and held that the claim should be dismissed for failure to serve the Attorney-General, stating that "service on the Attorney-General is a predicate to obtaining personal jurisdiction over any defendant in the Court of Claims” (140 AD2d 941, 942).
Preliminarily, we note that the Appellate Division properly held that service on the Attorney-General is required for the commencement of an action against the Thruway Authority in the Court of Claims. Under Public Authorities Law § 361-b, compliance with Court of Claims Act § 11 is necessary in order to sue the Thruway Authority (see, Brinkley v City Univ., 92 AD2d 805, 806). We turn to the question of whether, as claimant contends, the requirements of section 11 affect personal jurisdiction and, thus, may be waived.
It is established law that the "requirements of * * * section 11 of the Court of Claims Act are jurisdictional in nature and, therefore, must be strictly construed (Buckles v State of New *723 York, 221 NY 418, 423-424; De Marco v State of New York, 43 AD2d 786, affd 37 NY2d 735).” (Lurie v State of New York, 73 AD2d 1006, 1007, affd for reasons stated at App Div 52 NY2d 849.) Court of Claims Act § 11, as it was when claimant purported to commence the action here, provided that the claim "shall be filed with the clerk of the court and a copy shall be served upon the attorney general within the times herein before provided for filing with the clerk of the court” (emphasis added).* It is settled that the State as sovereign may not be sued except with its consent, that it may attach such terms and conditions to its consent as the Legislature deems proper, and that such terms and conditions are jurisdictional requirements (see, Buckles v State of New York, 221 NY 418, 423-424, supra; see generally, Siegel, NY Prac § 32, 1987 Pocket Part, at 10). Here, the requirement in section 11 that the Attorney-General be served with a copy of the claim was not satisfied, resulting not in a failure of personal jurisdiction, as the Appellate Division writing suggests, but in a failure of subject matter jurisdiction which may not be waived.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
Order affirmed, with costs, in a memorandum.

 Court of Claims Act § 11 was subsequently amended to specify the manner of service on the Attorney-General — service personally or by certified mail return receipt (L 1984, ch 427). Here, there is no issue concerning the manner of service (cf., Baggett v State of New York, 124 AD2d 969). The Attorney-General was never served.