OPINION OF THE COURT
Frank S. Rossetti, J.
Motion by defendant for dismissal and summary judgment due to a lack of subject matter jurisdiction arising from improper service is granted and the claim is hereby dismissed, in accordance with the following.
The essence of the instant claim is that Mr. Mingues, while incarcerated at Wende Correctional Facility, was allegedly confined in "keeplock” for 15 days without receiving a hearing as required by State regulations. The notice of intention and *413 claim were timely served and filed, but service was admittedly by regular mail, not the manner of service mandated by statute. (See, Court of Claims Act § 11.) Since defendant did not raise this defense in its answer or in a preanswer dismissal motion, the question of waiver arises. (See, CPLR 3211 [a] [2], [8]; [e]; Reed v State of New York, 147 AD2d 767, 768; Thomas v State of New York, 144 AD2d 882.)
A recent Court of Appeals decision, although not dealing directly with the subject service issue, holds that the requirements of Court of Claims Act § 11 are ones of subject matter jurisdiction since they are conditions properly imposed by the Legislature as part of the State’s relinquishment or waiver of immunity from suit. (See, Finnerty v New York State Thruway Auth., 75 NY2d 721.) In view of the sweeping language used there and the apparent lack of sufficient material jurisdictional distinctions between the "who” and "how” requirements of said section 11, we do not believe the Court of Appeals would create a manner of service exception to the otherwise subject matter jurisdictional requisites of said statute. A defect in the manner of service may be a personal jurisdictional infirmity subject to being waived in a normal Supreme Court action, but, in our opinion, that does not require a similar finding here. For example, a Statute of Limitations defense may generally be abandoned in other courts, however, in this court, under section ll’s companion statute, section 10, untimeliness is unquestionably a subject matter jurisdictional defect which can always be raised by the defendant (see, e.g., Reed v State of New York, supra).
The determinative issue would appear to be the legislative intent underlying said statute and we discern nothing therein calling for any special or only limited effect being accorded the manner of service provision. Given the fundamental principles applied by the Court of Appeals in interpreting section 11, we believe concordance therewith prescribes a finding that the statute’s manner of service requirements are subject matter jurisdictional ones comparable to other such requisites in that statute (Finnerty v New York State Thruway Auth., supra) and its companion section 10.
We thus conclude that the service provision of Court of Claims Act § 11 constitutes subject matter jurisdictional defenses which cannot be waived by the State. Accordingly, claimant’s service here by regular mail warrants dismissal of his claim.