OPINION OF THE COURT
Gerard M. Weisberg, J.
In this motion to dismiss, we must decide whether the Court of Appeals recent decision, Finnerty v New York State Thruway Auth. (75 NY2d 721), has in effect overruled sub silentio Baggett v State of New York (124 AD2d 969 [4th Dept]) and its progeny, Reed v State of New York (147 AD2d 767 [3d Dept]) and Thomas v State of New York (144 AD2d 882 [3d Dept]), *1035 and thereby converted method-of-service error from an issue of personal jurisdiction to a nonwaivable defect in the subject matter jurisdiction of this court.
Claimant is a pro se inmate who allegedly suffered an industrial accident while incarcerated in Eastern Correctional Facility. His claim, according to the State, was served by regular mail rather than by personal delivery or certified mail in accordance with Court of Claims Act § 11, and it now moves to dismiss on that basis. Defendant’s prior answer, however, submitted as part of its motion papers, provides only with respect to this issue that: "The claimant failed to comply, with Section 10 of the Court of Claims Act and this Court does not [have] subject matter jurisdiction.”
Claimant did not submit papers in opposition to the motion. We therefore deem the State’s factual allegations to be admitted, to wit, that the claim was served by regular mail. However, the defendant’s own papers indicate that it did not raise the issue of improper method of service under section 11 in its prior answer. The issue of waiver is therefore before us despite the claimant’s default.
In Baggett v State of New York (124 AD2d 969, supra) and its progeny, the appellate courts have held that while timeliness of service under section 10 goes to subject matter jurisdiction, the issue of method of service under section 11 is one of personal jurisdiction which may be waived in accordance with CPLR 3211. (Reed v State of New York, 147 AD2d 767, supra; Thomas v State of New York, 144 AD2d 882, supra.)
More recently in Finnerty v New York State Thruway Auth. (75 NY2d 721, supra), the Court of Appeals was confronted with a failure to serve the Attorney-General altogether. That tribunal held that the defect under section 11 was one of subject matter jurisdiction. It expressly noted, however, that it was not deciding the related yet distinct issue of what effect an error in the manner of service would have.
Subsequently, three Court of Claims Judges have considered this question and reached different results. In Mingues v State of New York (Ct Cl, Jan. 15, 1990), Judge Frank S. Rossetti decided that the broad language employed by the Court of Appeals in Finnerty (supra), when describing section 11 as a subject matter jurisdictional provision, mandated the same conclusion with respect to all aspects of the section. Inasmuch as subject matter jurisdiction is not waivable, Mingues holds manner of service defects to require dismissal notwithstanding *1036 the State’s failure to plead with respect to the issue. Judge Thomas P. McMahon followed Judge Rossetti’s lead in Spencer v State of New York (Ct Cl, Mar. 7, 1990).
In Wanton v State of New York (Ct Cl, Mar. 2, 1990), however, Judge Edwin Margolis disagreed. In his view, the Court of Appeals failure to expressly overrule Baggett (supra) and its progeny indicates their continued viability.
We have decided to follow Wanton (supra). We would add only that unless and until the Court of Appeals overturns Baggett, Reed and Thomas (supra), they remain good law binding on this court.
For the foregoing reasons, the motion is denied.