■ GARY TRALONGO, Respondent, v STATE OF NEW YORK, Appellant. (Claim No. 73858.)—In a claim to recover damages for personal injuries, the defendant appeals from an order of the Court of Claims (Blinder, J.), dated April 11, 1989, which denied its motion for leave to serve an amended verified answer asserting the defense of lack of personal jurisdiction.

Ordered that the order is affirmed, with costs.

Assuming, arguendo, that the service of the claim upon the Attorney-General by ordinary mail in contravention of Court of Claims Act § 11 gave rise to a defect in personal jurisdiction *(see, Reed v State of New York,* 147 AD2d 767; *Thomas v State of New York,* 144 AD2d 882; *Baggett v State of New York,* 124 AD2d 969; *but see, Finnerty v New York State Thruway Auth.,* 75 NY2d 721; *Mingues v State of New York,* 146 Misc 2d 412), we find unpersuasive the State's contention that the court improperly denied its motion for leave to amend its answer to

assert that defense. Although the State was aware of the allegedly improper manner of service at the outset, it failed to raise a jurisdictional objection in its answer or in a preanswer motion to dismiss, and thereby waived the defense *(see,* CPLR 3211 [a] [8]; [e]; *Addesso v Shemtob,* 70 NY2d 689; *Reed v State of New York, supra; Leon v Montano,* 119 AD2d 553). Moreover, the State inordinately delayed in seeking leave to amend its answer, and failed to proffer a reasonable and acceptable excuse for the 32-month delay between learning of the improper service and moving to amend *(see, Leon v Montano, supra; see generally, Ross v Ross,* 143 AD2d 429). It is well settled that a motion for leave to amend is addressed to the broad discretion of the trial court *(see, Edenwald Contr. Co. v City of New York,* 60 NY2d 957), and the resulting determination "will not lightly be set aside" *(Beuschel v Malm,* 114 AD2d 569). Under the circumstances presented in this case, we discern no improvident exercise of discretion in the court's denial of the State's motion.

While we have no occasion on this appeal to pass upon the applicability of the recent decision in *Finnerty v New York State Thruway Auth.* (75 NY2d 721, *supra)* to the facts of this case, we note that the State, if it be so advised, remains free to seek any relief in the Court of Claims to which it deems itself entitled under that decision. Thompson, J. P., Bracken, Sullivan and Balletta, JJ., concur.