OPINION OF THE COURT
Gerard M. Weisberg, J.
There is no question but that the timeliness of the filing of a claim goes to the subject matter jurisdiction of this court. (Reed v State of New York, 147 AD2d 767.) Alternatively, the weight of authority is that the method of service of a claim goes only to the issue of acquiring personal jurisdiction over the defendant and may therefore be waived. (Reed v State of New York, 147 AD2d 767, supra; Thomas v State of New York, 144 AD2d 882; Colon v State of New York, 146 Misc 2d 1034; cf., Finnerty v New York State Thruway Auth., 75 NY2d 721.) *1073 The issue before us now, which is apparently one of first impression, is what is the effect of improper service of a timely notice of intention to file a claim where the defendant fails to raise the defect in its answer or motion.
This is a medical malpractice action which allegedly arose on July 8, 1988. According to the State’s papers, uncontroverted by the claimant, the notice of intention was served by ordinary mail and received on September 12, 1988. The service was therefore timely but by an unauthorized method. (See, Court of Claims Act §§ 10, 11.) Thereafter, it is again alleged without contradiction that the claim was served by regular mail and received on September 29, 1989. The answer, other than a general denial, contained only the Statute of Limitations as a defense.
As an initial matter, we note that the time periods specified in Court of Claims Act §§ 10 and 11 are not Statutes of Limitation but jurisdictional conditions precedent to bringing suit in this court. (Antoine v State of New York, 103 Misc 2d 664; Siegel, NY St Law Digest, No. 365, May 1990.) Two somewhat contradictory corollaries follow from this proposition: that pleading the Statute of Limitations fails to raise defects under sections 10 and 11; but with respect to timeliness, inasmuch as subject matter jurisdiction has been implicated, the failure to plead does not constitute a waiver. (Finnerty v New York State Thruway Auth., 75 NY2d 721, supra.)
Here, the claim was served more than 90 days after accrual and is therefore late, a nonwaivable jurisdictional defect, unless the prior notice of intention was effective to extend claimant’s time. Thus, the issue is: does the State’s failure to raise the improper method of service of claimant’s timely notice of intention waive the defect thereby validating it and extending the time to file and serve the claim? In other words, is a defect in the manner of service of a notice of intention waivable?
In Baggett v State of New York (124 AD2d 969), a notice of intention was served by ordinary mail and the defect was preserved. (See, Reed v State of New York, 147 AD2d 767, supra.) In analyzing the consequences, the Fourth Department stated: "Hence, service of a copy of the notice of intention by ordinary mail was insufficient to acquire personal jurisdiction over the State” (Baggett v State of New York, 124 AD2d, at 969-970, supra). Subsequent cases have broadly construed this *1074 to mean that defects in the method of service under section 11 go only to personal jurisdiction and may therefore be waived in accordance with the CPLR (Reed v State of New York, 147 AD2d 767, supra; Thomas v State of New York, 144 AD2d 882, supra.) Indeed, since personal jurisdiction is not acquired by the service of a notice of intention, it not being a summons nor analogue thereof (Spinella v State of New York, NYLJ, Apr. 20, 1988, at 13, col 1), if the Baggett court did not mean that defects in the method of service of a notice of intention were waivable, there would have been no reason to employ those terms.
Applying the foregoing, the defendant’s answer failed to ráise the issue of the notice of intention having been served by regular mail. Clearly, pleading the Statute of Limitations does not give notice of this defect. Pursuant to Baggett (supra) and its progeny, the defect was therefore waived. Since it was timely served (and filed) it was effective to extend claimant’s time under sections 10 and 11 to serve and file the claim. That too was then timely done, albeit by ordinary mail and the answer once again failed to raise the defect therefore waiving it.
For the foregoing reasons, the motion is denied.