OPINION OF THE COURT
Louis C. Benza, J.
The State moves to dismiss these claims pursuant to CPLR 3211 (a) (8) on the grounds that the court lacks jurisdiction of the person of the defendant. The claimants cross-move for an order permitting service of their claims pursuant to CPLR 205 (a).
These claims arise from the April 5, 1987 collapse of the New York State Thruway Authority Bridge over the Schoharie Creek in Montgomery County, New York. The decedents, both residents of Ontario, Canada, were traveling in an automobile over the bridge at the time of its collapse, causing the vehicle to fall into the Schoharie Creek, resulting in their deaths. Each of the claimants asserts causes of action for pain and suffering and for wrongful death.
The State asserts that the court lacks jurisdiction of the defendant based on the claimants’ failure to serve the respec *893 tive claims and notices of intention to file a claim upon the Attorney-General in accordance with section 11 of the Court of Claims Act.
Section 11 provides that a copy of the claim or notice of intention shall be served upon the Attorney-General personally or by certified mail, return receipt requested. Here, claimants’ counsel, in his affidavit in opposition, admits that he served the Attorney-General by ordinary mail.
The failure to properly serve the Attorney-General gives rise to a defect in personal jurisdiction which is subject to the waiver provision of CPLR 3211 (e) if not raised in the answer (see, Reed v State of New York, 147 AD2d 767; Thomas v State of New York, 144 AD2d 882; Colon v State of New York, 146 Misc 2d 1034; Melvin v State of New York, Ct Cl, May 16, 1990, claim No. 79064, Benza J.; Wanton v State of New York, Ct Cl, Mar. 12, 1990, claim No. 75511, Margolis, J.). In its answer, filed October 27, 1987, defendant raised lack of personal jurisdiction as its fifth affirmative defense, and stated as follows: "The Court has not jurisdiction of the person of the defendant.”
Claimants’ counsel asserts that the defense of lack of personal jurisdiction was not properly raised as the State did not comply with Uniform Rules for Trial Courts (22 NYCRR) § 206.7 (a) which requires that an answer shall be served "within 40 days of service of the pleading to which it responds.” The claims were received by the State on September 18, 1987. The answers were verified by the State’s counsel on October 26, 1987, and mailed on the same date. This was the 38th day after service of the claims. The answers were received by claimants’ counsel on October 28, 1987. This was the 40th day after service of the claims.
Uniform Rules for Trial Courts (22 NYCRR) § 206.1 (c) states that matters not covered by the rules of the Court of Claims Act are governed by the CPLR. There is no provision in the Court of Claims Act or in the rules which defines when an answer is "served”. Therefore, we must turn to the CPLR.
CPLR 2103 (b) (2), as the statute then read, provided that service of papers by mail "shall be complete upon deposit of the paper enclosed in a postpaid properly addressed wrapper, in a post office or official depository under the exclusive care and custody of the United States post office department within the state”. Here, it is uncontroverted that the State’s answer was mailed on October 26, 1987. Therefore, we find that the *894 answer was served on that date (Jenny Oil Corp. v Petro Prods. Distribs., 121 AD2d 687) and was timely. By extension, therefore, the defense of lack of personal jurisdiction was properly and timely asserted.
Section 11 of the Court of Claims Act constitutes a jurisdictional prerequisite to the institution and maintenance of a claim against the State, and thus must be strictly construed (Buckles v State of New York, 221 NY 418; Byrne v State of New York, 104 AD2d 782). Failure to comply with the filing or service requirements of the Court of Claims Act renders the claim jurisdictionally defective and mandates dismissal (Byrne v State of New York, supra). The court cannot waive a defect in personal jurisdiction that has been timely raised (Thomas v State of New York, 144 AD2d 882, supra).
These motions were originally returnable on July 25, 1990. However, by letter dated August 1, 1990 to the attorneys for the parties, the court adjourned the return date to September 14, 1990 to allow the attorneys to submit memoranda of law on the issue of the retroactivity of a recent amendment to section 11 of the Court of Claims Act. By daily report dated August 28, 1990, the court adjourned the motions to September 28, 1990. The motions were considered fully submitted on that date by the court.
Subdivision (c) was added to section 11 of the Court of Claims Act by the Legislature by Laws of 1990 (ch 625). The bill was signed into law on July 18, 1990. Subdivision (c) provides as follows: "Any objection or defense based upon failure to comply with (i) the time limitations contained in section ten of this act, or (ii) the manner of service requirements set forth in subdivision a of this section is waived unless raised, with particularity, either by a motion to dismiss made before service of the responsive pleading is required or in the responsive pleading, and if so waived the court shall not dismiss the claim for such failure.”
As the defendant’s motions relate to the manner of service requirement set forth in subdivision (a) of section 11, the court requested that the parties submit memoranda of law on the issue of whether the amendment to section 11 is retroactive and applies to these claims as the section was effective July 18, 1990, a week prior to the original return date of the motions.
Counsel for claimants and defendant argue in their memoranda that the amendment is not retroactive and, thus, does not apply in this situation.
*895 The court has reviewed the Governor’s Bill Jacket and finds that there is no expressed legislative intent as to whether or not this legislation is retroactive. The general rule is that a statute will not be given retroactive effect unless such legislative intent is clearly shown (People v Cohen, 245 NY 419).
Laws of 1990 (ch 625) is a procedural statute. These are usually remedial in nature and, therefore, should be given retroactive effect (see, McKinney’s Cons Laws of NY, Book 1, Statutes §51 [b]). However, when it is said that procedural statutes are generally retroactive, what is really meant is that they apply to pending proceedings, and even with respect to such proceedings, they only affect procedural steps taken after their enactment (see, McKinney’s Cons Laws of NY, Book 1, Statutes § 55; Simonson v International Bank, 14 NY2d 281; Lazarus v Metropolitan El. Ry. Co., 145 NY 581; People ex rel. Central New England Ry. Co. v State Tax Commn., 261 App Div 416). As the Court of Appeals stated in Matter of Berkovitz v Arbib & Houlberg (230 NY 261, 270) "[t]here can be no presumption, for illustration, that a statute regulating the form of pleadings or decisions is intended to invalidate pleadings already served, or decisions already filed” (emphasis added). Here, the defendant’s answers were served almost three years ago. To apply this statute would invalidate an already served answer which was legally effective and an affirmative defense of lack of personal jurisdiction properly and adequately raised (see, CPLR 3013; see also, Rich v Lefkovits, 56 NY2d 276). A new rule should not be applied to invalidate prior, legally effective acts (see, McMaster v State of New York, 103 NY 547; see also, Hastings v Byllesby & Co., 293 NY 413; Rose Assocs. v Bernstein, 138 Misc 2d 1044). It is also apparent from the memoranda found in the Bill Jacket for the instant legislation that the amendment was to correct the inequities found in court dismissals arising from the failure of the claimants in those cases to comply with section 10 of the Court of Claims Act which was, by law, deemed to be substantive in nature and not waivable even if not pleaded as an affirmative defense. It was not uncommon to find claimants lulled into a sense of security until the Statute of Limitations ran out, only then to find their cases lost on motion to dismiss for lack of jurisdiction. Therefore, the court finds that Laws of 1990 (ch 625), which added subdivision (c) to section 11 of the Court of Claims Act, is not retroactive and is not applicable to the instant claims.
Assuming, arguendo, that the statute is applicable, we find *896 that the defendant’s affirmative defense was raised "with particularity” in its answers as required by subdivision (c) of section 11.
From the memoranda found in the Bill Jacket, it is also apparent that the amendment to the Court of Claims Act was to conform the procedures in the Court of Claims to existing law under the CPLR in the other courts of this State. Here, the defendant asserted its affirmative defense exactly as set forth in CPLR 3211 (a) (8). Thus, we find that the defendant complied with the particularity requirement of Court of Claims Act § 11 (c). The defendant also complied with the particularity requirement of CPLR 3013 which relates to the particularity of statements in pleadings. CPLR 3013 requires only sufficient particularity to give the court and the parties notice of the material elements of each defense. Although the defense would more clearly have alerted claimants to the defect relied upon had it added the words "as service was not effected pursuant to Court of Claims Act section 11”, the absence of those words should not be held to forfeit the defense, especially since section 11 deals exclusively with how service is to be made. Claimants, were not without the means of ascertaining what the claimed defect in service was, either by a motion under CPLR 3024 (a) for a more definite statement of the defense or by motion to dismiss the defense for lack of merit or for insufficiency (CPLR 3211 [b]; see, Rich v Lefkovits, 56 NY2d 276, supra). Also, claimants could have served a demand for a bill of particulars (CPLR 3041).
Therefore, the defendant’s motions are granted and the claims are hereby dismissed.
We now turn to claimants’ cross motions. Pursuant to subdivision (6) of section 10 of the Court of Claims Act, a party who fails to file a claim or notice of intention as otherwise provided in section 10, may, in the discretion of the court, be permitted to file such a claim at any time before an action asserting a like claim against a citizen of the State would be barred under the provisions of CPLR article 2.
CPLR 214 provides that an action for personal injury (as asserted in these claims for conscious pain and suffering) must be commenced within three years of the date of injury. EPTL 5-4.1 provides that the duly appointed personal representative of a decedent may maintain an action to recover damages for the wrongful death of the decedent. However, such action must be commenced within two years of the decedent’s death. *897 In the instant situation, both actions arose on April 5, 1987 when the bridge tragically collapsed. Therefore, the Statute of Limitations has expired and claimants could not now commence an action for conscious pain and suffering or for wrongful death against a citizen of the State; therefore, subdivision (6) of section 10 of the Court of Claims Act is not available to claimants.
It is claimants’ contention that, in the instant situation, the CPLR 205 (a) six-month benefit applies to an application to late file under subdivision (6) of section 10 of the Court of Claims Act.
CPLR 205 (a) provides as follows:
"Termination of action
"(a) New action by plaintiff. If an action is timely commenced and is terminated in any other manner than by a voluntary discontinuance, a dismissal of the complaint for neglect to prosecute the action, or a final judgment upon the merits, the plaintiff, or, if he dies, and the cause of action survives, his executor or administrator, may commence a new action upon the same transaction or occurrence or series of transactions or occurrences within six months after the termination provided that the new action would have been timely commenced at the time of commencement of the prior action.”
Subdivision (9) of section 9 of the Court of Claims Act provides that practice in this court shall be the same as in Supreme Court except as otherwise provided in the act, the rules of this court, and the Civil Practice Law and Rules. The Court of Claims Act does not specifically preclude the application of CPLR 205 (a), nor is there an implied preclusion (Tramantano v State of New York, 131 Misc 2d 238; Frank Dimino, Inc. v State of New York, Ct Cl, Nov. 17, 1987, claim No. 75736, Benza, J.; De Bree v State of New York, Ct Cl, Mar. 9, 1988, claim No. 74432, Lengyel, J.).
In order for the court to determine that CPLR 205 (a) applies to the instant situation, we must determine if the original claims were "timely commenced”, that is, whether the jurisdictional requirements of the Court of Claims Act were satisfied. Here, claimants’ counsel concedes that service of both claims was not in accordance with section 11 of the Court of Claims Act and, thus, did not confer personal jurisdiction over the State. Because service was a nullity, no action had been actually commenced, and CPLR 205 (a), therefore, does not apply (Markoff v South Nassau Community Hosp., 61 *898 NY2d 283; Sciarabba v State of New York, 152 AD2d 229; Prevost v Hartman, 103 AD2d 842).
”[W]hen an action is dismissed for lack of personal jurisdiction due to * * * improper service, it has not been 'commenced* for purposes of CPLR 205 (subd [a])” (Markoff v South Nassau Community Hosp., supra, at 288; see also, Parker v Mack, 61 NY2d 114). This failure precludes the application of the statute (Markoff v South Nassau Community Hosp., supra; Carrick v Central Gen. Hosp., 51 NY2d 242; George v Mt. Sinai Hosp., 47 NY2d 170).
Claimants argue that the Court of Appeals, in Finnerty v New York State Thruway Auth. (75 NY2d 721), held that the failure to properly serve the Attorney-General results in a failure to obtain subject matter jurisdiction and, therefore, the CPLR 205 (a) extensions apply.
A timely commenced action which is dismissed for lack of subject matter jurisdiction (i.e., an act committed outside the court’s territorial boundary) and is recommenced within six months of the dismissal of that prior action, but after the Statute of Limitations has expired, comes within the purview of CPLR 205 (a) (Amato v Svedi, 35 AD2d 672; see also, Denehy v St. John’s Queens Hosp., 114 AD2d 991 [wherein plaintiff was allowed to commence a wrongful death action within six months of dismissal by Federal court for lack of subject matter jurisdiction]).
The members of this court are divided on the issue of improper service of the claim upon the Attorney-General being a defect in personal jurisdiction or subject matter jurisdiction. The majority of Judges hold that improper service of the claim upon the Attorney-General gives rise to a defect in personal jurisdiction (Reed v State of New York, 147 AD2d 767, supra; Thomas v State of New York, 144 AD2d 882, supra; Colon v State of New York, 146 Misc 2d 1034, supra; Melvin v State of New York, supra; Wanton v State of New York, supra; Greco v State of New York, Ct Cl, Apr. 21, 1989, claim No. 74590, Blinder, J.; Gilliam v State of New York, Ct Cl, Sept. 12, 1988, claim No. 77133, Lengyel, J.; Nicotra v State of New York, Ct Cl, June 10, 1988, claim No. 75258, Silverman, J.; Mayers v State of New York, Ct Cl, June 8, 1988, claim No. 72768, Margolis, J.). Two members have held that the failure to properly serve the claim is a matter of subject matter jurisdiction (Mingues v State of New York, 146 Misc 2d 412; Spencer v State of New York, Ct Cl, Mar. 19, 1990, claim No. 77853, McMahon, J.).
*899 It is this court’s opinion that the court in Finnerty (supra) held that the failure to serve the Attorney-General at all resulted in a lack of subject matter jurisdiction. The issue presented here is not lack of service of the claim, but improper service of the claim. Thus, as stated previously, we find that the failure to properly serve the Attorney-General in accordance with section 11 of the Court of Claims Act results in lack of personal jurisdiction.
To recapitulate, the State’s motion to dismiss both claims is granted, and the claims are hereby dismissed. Claimants’ cross motions for leave to file late claims are denied as the applicable Statutes of Limitation have expired. Claimants’ cross motions for an order permitting service of the claims pursuant to CPLR 205 (a) are also denied as the initial actions were never actually commenced as a result of the improper service of the claims on the Attorney-General.
The collapse of the Thruway Bridge over the Schoharie Creek was a terrible tragedy which has had an immeasurable impact upon the families of Jackson Dalton and Roland Charbonneau. Although the court has compassion for the claimants and for those near and dear to the decedents, it is bound to follow the law as established, and cannot be biased by the sympathy and pathos emanating from the factual circumstances of this tragedy.