ANTONIO CALCO, Appellant, v STATE OF NEW YORK, Respondent.

Third Department, February 14, 1991

■■■■■■■■■■■■■■■■■■■■■■■■■■

---

## APPEARANCES OF COUNSEL

*Myron G. Lasser, P. C.,* for appellant.

*Robert Abrams, Attorney-General (Dennis Hurley* and *Peter J. Dooley* of counsel), for respondent.

## OPINION OF THE COURT

MAHONEY, P. J.

Claimant was injured in an automobile accident on November 20, 1987 on State Route 23 in the Town of Kortright, Delaware County. A notice of intention to file a claim was served within 90 days and a claim alleging negligent maintenance, operation and control of the road was thereafter filed and served, although after the 90-day period expired. The State answered, alleging a lack of jurisdiction because the notice of intention was served improperly. Specifically, the State claimed that the notice of intention was not personally served on an Assistant Attorney-General as required by CPLR 307 (1) *(see,* Court of Claims Act § 11). Claimant moved to dismiss this defense and the State cross-moved to dismiss the claim. The Court of Claims granted the State's cross motion, denied claimant's motion and dismissed the claim, but referred claimant to the late filing provisions of Court of Claims Act § 10 (6). Claimant appeals from the order entered. He thereafter moved for permission to file a late claim. The Court of Claims denied the motion essentially because of insufficient allegations of negligence. From that order, claimant also appeals.

■ There apparently has arisen some uncertainty over whether improper service under Court of Claims Act § 11 is related to personal or subject matter jurisdiction *(see, Finnerty v New York State Thruway Auth.,* 75 NY2d 721; *Sandoval v State of New York,* 147 Misc 2d 1072; *Colon v State of New York,* 146 Misc 2d 1034). This uncertainty need not detain us because the alleged defect herein was timely raised so that its characterization as personal or subject matter jurisdiction is inconsequential. Under such circumstances, our assessment is

guided by the observation that a notice of intention to file a claim which is improperly served is to be given no effect *(see, Baggett v State of New York,* 124 AD2d 969). There is no dispute herein that the notice of intention was not served on an Assistant Attorney-General as required by statute. Rather, claimant contends that service was made on a person who represented that he was an agent authorized to accept legal papers so that service should be upheld.

Claimant's attorney attested to what he believed occurred at the time service purportedly was made, but in the absence of firsthand knowledge these affidavits cannot support claimant's contention *(see, Ladd v Coldwell Banker,* 167 AD2d 676). Significantly, there is no submission by claimant's process server other than the affidavit of service. That the recipient of the notice of intention might have identified himself as an agent who was authorized to accept legal papers is far removed from any clear expression of his status as an Assistant Attorney-General authorized to accept service. This is not the kind of situation where estoppel is available to be applied against a government *(see, Matter of Hamptons Hosp. & Med. Center v Moore,* 52 NY2d 88, 93-94). We simply do not believe that the statutory dictates have been sufficiently satisfied to warrant validating the service. Accordingly, the Court of Claims properly dismissed the claim.

As to claimant's motion to file a late claim, it is well settled that the Court of Claims' broad discretion in this area should be disturbed only in the face of clear abuse *(see, e.g., Matter of Donaldson v State of New York,* 167 AD2d 805). The Court of Claims must consider the factors enumerated in Court of Claims Act § 10(6) and no single factor is controlling *(supra).* The Court of Claims denied claimant's motion finding several factors, such as prejudice to the State and the availability of other recourse, weighing in claimant's favor, but ultimately determined that the absence of any showing of merit to the claim justified denial. We find no abuse in this determination. Claimant argues that the State negligently maintained the highway where the accident occurred by permitting snow and ice to accumulate. These allegations, however, are conclusory in nature, without any recitation concerning the duration that the conditions were allowed to remain, the extent of any snow or ice cover, the manner in which the accident occurred or other factual matters. The police report submitted by claimant fails to reflect any negligence by the State. Under such circumstances, we

see no reason to disturb the determination reached by the Court of Claims *(see, Sevillia v State of New York,* 91 AD2d 792).

WEISS, MIKOLL, YESAWICH, JR., and HARVEY, JJ., concur.

Orders affirmed, without costs.