■ Cornelius Pollard, Respondent, v State of New York, Appellant.—Mahoney, P. J. Appeal from a judgment in favor of claimant, entered March 16, 1990, upon a decision of the Court of Claims (Orlando, J.).

Claimant, an inmate at Greene Correctional Facility in Greene County, filed a claim against the State alleging negligence on the State's part in failing to provide adequate security in the prison dormitory area, resulting in the theft of his portable cassette player and headphones from his locker. Subsequent to trial, the Court of Claims issued a decision holding that the State's lack of supervision over the dormitory area was the proximate cause of claimant's loss and awarded him the sum of $60 plus interest. This appeal ensued.

The State's first ground for reversal of the judgment in

claimant's favor is that because it did not waive its sovereign immunity from liability for the exercise of discretionary judgments regarding general security measures in a prison dormitory, it cannot be held liable for claimant's loss. We disagree.

While the State can, as it has done in this case, raise for the first time on appeal the defense of sovereign immunity because it "brings into question jurisdiction of the subject under the Court of Claims Act, [and] may be raised at any time" (Heisler v State of New York, 78 AD2d 767, 768), such defense, on the facts present herein, does not preclude recovery. Claimant does not challenge prison administration or allocation of staff or resources. He simply states in his claim that the State was negligent in providing security for his belongings (see, Thomas v State of New York, 144 AD2d 882 [negligent destruction of property]; Emmi v State of New York, 143 AD2d 876, 878 [negligent maintenance of State property]). As Heisler v State of New York (supra), Emmi v State of New York (supra) and Thomas v State of New York (supra) clearly indicate, the State has a duty recognized by the law of torts; accordingly, liability may be imposed by application of general tort principles and the doctrine of sovereign immunity cannot serve as a bar to claimant's action.

Turning to the issue of ordinary common-law negligence, we cannot fault the findings of the Court of Claims that claimant secured his personal belongings, including his cassette player and headphones, in an assigned metal locker with a padlock purchased from the correctional facility and that claimant did so before leaving the locker room area to report to his work assignment. Equally unassailable is the court's finding that when claimant returned, his locker was open and his personalty was missing. Further, the diagrams of the locker room area show that the station of the correction officer assigned to the dormitory area provided a clear view of claimant's locker. These evidentiary facts, juxtaposed to claimant's testimony that he observed scrape marks on his locker that were not present when he left to report to his assigned work area, satisfy claimant's burden to prove the existence of a duty by the State, a breach of that duty and injury to claimant (see, Akins v Glens Falls City School Dist., 53 NY2d 325, 333; see also, Wolfe v Samaritan Hosp., 104 AD2d 143, 146).

Regarding the State's contention of claimant's contributory negligence, we note that "this court may assess the evidence when reviewing a nonjury trial" and where, as here, we find such proof to be credible, defer to the findings of the trial court (Town of Ulster v Massa, 144 AD2d 726, 727, lv denied

75 NY2d 707). The record explicitly sets forth claimant's affirmative response to the State's inquiry, "Did you lock your locker with this combination lock when you went to the law library?" Since we find the sum awarded to be the reasonable value of the lost personalty, we affirm the judgment in favor of claimant.

Judgment affirmed, with costs. Mahoney, P. J., Casey, Weiss, Yesawich, Jr., and Harvey, JJ., concur.