Kaye, J.
(dissenting). As this Court has long recognized, a CPLR 205 (a) request to recommence a dismissed action must be liberally viewed: "[t]he statute is designed to insure to the diligent suitor the right to a hearing in court till he reaches a judgment on the merits. Its broad and liberal purpose is not to be frittered away by any narrow construction” (Gaines v City of New York, 215 NY 533, 539 [Cardozo, J.]). Today’s decision ignores that mandate.
CPLR 205 (a) allows recommencement of "timely commenced” actions that are later dismissed. As an action brought under the CPLR prior to July 1, 1992 could only be "commenced * * * by service of a summons” (CPLR 304), a defect in service meant the action had never been commenced and therefore could not be recommenced under CPLR 205 (a) (see, e.g., Markoff v South Nassau Community Hosp., 61 NY2d 283). This result, compelled by the explicit language of CPLR 304, constitutes a limited exception to the broad sweep of CPLR 205 (a). CPLR 205 (a) does not, however, require "literal compliance with the relevant statutes governing notice” (majority mem, at 723) but rather, only requires compliance with the statutes specifically governing commencement. To require *725 anything more would abrogate the utility of CPLR 205 (a) as a remedial savings statute.
The Court of Claims Act has no analogue to CPLR 304. Nor does Court of Claims Act § 10 (6) — which allows claimants to seek to file their claim "at any time before an action asserting a like claim against a citizen of the state would be barred under the provisions of article two of the civil practice law and rules” — incorporate the CPLR definition of commencement of an action, found in article 3. Thus, in contrast to the CPLR, the Court of Claims Act does not specify when an action is "commenced.”
Indeed, nothing compels the Court to conclude that because filing and service on the Attorney-General are conditions for bringing a suit in the Court of Claims, both are necessary to "timely commence” an action for the purposes of CPLR 205 (a). Absent such a requirement, we should refrain from "frittering] away” the broad and liberal purpose of CPLR 205 (a). In keeping with the ameliorative reach of CPLR 205 (a), it would better serve the purposes of that section to treat an action in the Court of Claims as commenced upon filing, and service on the Attorney-General as simply a necessary condition for subject matter jurisdiction (see, Finnerty v New York State Thruway Auth., 75 NY2d 721, 723). While failure to satisfy the service requirements will provide a basis for dismissal, such dismissal should not deprive claimants of the opportunity to renew the actions pursuant to CPLR 205 (a).
In the CPLR, the Legislature chose to prescribe when an action is commenced, and those requirements must be literally satisfied before relief can be allowed under CPLR 205 (a). The Legislature may well choose a parallel course for the Court of Claims Act. Unless and until it does so, however, this Court should not itself impose requirements that deny plaintiffs the intended benefit of CPLR 205 (a).
We respectfully dissent.
Acting Chief Judge Simons and Judges Titone, Hancock, Jr., and Smith concur; Judge Kaye dissents and votes to reverse in an opinion in which Judge Bellacosa concurs.
In each case: Order affirmed, with costs, in a memorandum.