OPINION OF THE COURT
Glen T. Bruening, J.
John Duncan, claimant in this case appearing pro se, seeks damages for injuries sustained while detained at the Central *948 New York Psychiatric Center when, on July 11, 2010, a copy of a report containing claimant’s medical and personal information was left in plain sight where other residents could view it. Claimant moves for an order dismissing the affirmative defenses asserted in defendant’s answer and for summary judgment on his claim. Defendant cross-moves seeking dismissal of the claim pursuant to CPLR 3211 (a) (2) and (8) and Court of Claims Act § 11 for lack of subject matter and personal jurisdiction based upon claimant’s failure to properly serve the claim upon the Attorney General.
Lawsuits for money damages brought against the State in the Court of Claims are allowed because the State waived its sovereign immunity conditioned upon claimant’s compliance with specific statutory requirements that are set forth in the jurisdictional article (article II) of the Court of Claims Act (see Court of Claims Act §§ 8, 9 [2]; Lepkowski v State of New York, 1 NY3d 201, 206 [2003]; Gates v State of New York, 128 NY 221, 228 [1891]). These statutory preconditions to such claims, including the filing and service requirements mandated by Court of Claims Act § 11, are jurisdictional and must be strictly construed (Lichtenstein v State of New York, 93 NY2d 911, 913 [1999]; Dreger v New York State Thruway Auth., 81 NY2d 721, 724 [1992]; Finnerty v New York State Thruway Auth., 75 NY2d 721, 722 [1989]).
Court of Claims Act § 11 (a) (i) mandates that a copy of the claim be served personally or by certified mail, return receipt requested, upon the Attorney General within the applicable time period provided in section 10 of the Court of Claims Act. However, an objection to the manner of service is waived unless specifically raised in defendant’s motion to dismiss made prior to the answer, or in the answer itself (see Court of Claims Act § 11 [c]; Turley v State of New York, 279 AD2d 819 [3d Dept 2001], lv denied 96 NY2d 708 [2001]). Therefore, unless the objection is so waived, failure to serve the Attorney General in the manner prescribed by Court of Claims Act § 11 (a) (i) is a jurisdictional defect requiring dismissal of the claim (see Filozof v State of New York, 45 AD3d 1405, 1406 [4th Dept 2007]).
In 1988, the Appellate Division, Fourth Department, had observed that “it has been uniformly held that failure to serve the Attorney-General pursuant to Court of Claims Act § 11 divests the court of jurisdiction over the State” (Finnerty v New York State Thruway Auth., 140 AD2d 941, 942 [1988] [citations omitted]). In other words, failure to serve the claim upon the *949 Attorney General (i.e., lack of service) and failure to serve the claim by certified mail, return receipt requested (i.e., manner of service), both of which are required by Court of Claims Act § 11 (a) (i), resulted in a lack of personal jurisdiction over the defendant. In the Finnerty case, the claimant failed to serve a copy of the claim upon the Attorney General. On appeal, the Court of Appeals affirmed the order of the Appellate Division dismissing the claim, but reasoned that, because compliance with Court of Claims Act § 11 is a condition to the State’s waiver of sovereign immunity, lack of service upon the Attorney General resulted “not in a failure of personal jurisdiction . . . but in a failure of subject matter jurisdiction” (see Finnerty v New York State Thruway Auth., 75 NY2d at 723). Under this line of reasoning, failure to comply with any portion of Court of Claims Act § 11 should similarly result in a failure of subject matter jurisdiction.
Support for this reasoning is found in a series of post -Finnerty Court of Appeals cases dismissing claims because the claimant had failed to adhere strictly to the procedural conditions prescribed in article II of the Court of Claims Act, which are conditions precedent to the State’s waiver of its sovereign immunity. In Dreger v New York State Thruway Auth. (81 NY2d 721 [1992]), the Court of Appeals held that lack of service of the claim upon the Attorney General and failure to serve the claims by certified mail, return receipt requested, meant that the claims were not timely commenced for purposes of CPLR 205 (a) authorizing recommencement of an otherwise timely action that had been dismissed. In Lichtenstein v State of New York (93 NY2d 911 [1999]), the Court ruled that failure to comply with the time periods for filing and serving the claim, required by Court of Claims Act § 10 and cross-referenced in section 11, meant that the action had not been properly commenced. In Alston v State of New York (97 NY2d 159 [2001]), the Court held that claimants’ failure to timely file their claim, as required by Court of Claims Act § 10 and cross-referenced in section 11, required dismissal. In Lepkowski v State of New York (1 NY3d 201 [2003]), the Court of Appeals ruled that failure to adequately plead the claim, as required by Court of Claims Act § 11 (b), resulted in a jurisdictional defect requiring dismissal. In Long v State of New York (7 NY3d 269 [2006]), the Court held that claimant’s failure to verify the claim in accordance with Court of Claims Act § 8-b mandates dismissal. Most recently, in Kolnacki v State of New York (8 NY3d 277 [2007]), the Court ruled *950 that failure to plead in the claim the total sum of monetary damages, as required by Court of Claims Act § 11 (b), was a jurisdictional defect requiring dismissal. Because service of the claim upon the Attorney General by certified mail, return receipt requested, is required by Court of Claims Act § 11, a claimant’s failure to serve in this manner should likewise require dismissal for a failure of subject matter jurisdiction, unless waived pursuant to section 11 (c).
In this case, defendant preserved its objection to the manner of service in its answer (see answer 1110). In support of its cross motion, defense counsel asserts that a claim was received by the Attorney General by regular mail on January 24, 2011 (see affirmation of Thomas Trace, Esq., If 2, exhibit C attached to defendant’s cross motion) and offers, among other things, a photocopy of the mailing envelope used to mail the claim to the Attorney General which reveals postage in the amount of $1.73 with no certified mail or return receipt sticker affixed thereto. Claimant neither opposes defendant’s cross motion nor submits any evidence in opposition to the cross motion. Rather, in an affidavit submitted in support of his motion, claimant admits to serving the claim on the Attorney General via first-class mail. In light of this uncontroverted evidence, the court concludes that claimant served his claim by first-class mail, and thereby failed to comply with Court of Claims Act § 11 (a) (i). This deprived the court of subject matter jurisdiction based on the State’s sovereign immunity (see Alston v State of New York, 97 NY2d at 163; Finnerty v New York State Thruway Auth., 75 NY2d at 723).
Alternatively, failure to serve the claim upon the Attorney General in the manner prescribed by Court of Claims Act § 11 results in a lack of jurisdiction over the defendant under a traditional analysis (see Filozof v State of New York, 45 AD3d 1405 [4th Dept 2007] [registered mail, return receipt requested, is insufficient to obtain jurisdiction]; Fulton v State of New York, 35 AD3d 977 [3d Dept 2006], lv denied 8 NY3d 809 [2007] [ordinary mail is insufficient to acquire jurisdiction over the State]; Martinez v State of New York, 282 AD2d 580 [2d Dept 2001], lv denied, 96 NY2d 720 [2001] [express mail failed to acquire jurisdiction]; see generally Feinstein v Bergner, 48 NY2d 234, 241 [1979] [“(N)otice received by means other than those authorized by statute cannot serve to bring a defendant within the jurisdiction of the court”]).
*951 Accordingly, defendant’s cross motion No. CM-79981 is granted, claimant’s motion No. M-79800 is denied as moot, and the claim is dismissed.