John J. Dillon, J.
This is a proceeding instituted pursuant to article 7 of .the Real Property Tax Law to review certain assessments on real property located in the Town of Bedford for the year 1964. The Town of Bedford has cross-moved to dismiss the proceeding on the ground that it was not instituted within 30 days after final completion and filing of the assessment roll as required by section 702 of the Real Property Tax Law.
At the outset, the petitioners raise a technical objection to the service of the town’s motion because the papers were not “ enclosed in a sealed wrapper ” as provided under CPLR 2103 (subd. [b], par. 3). It is clear to the court that the petitioners’ attorneys received the papers intact and that they were not in any way prejudiced by the fact that the same were not contained in a ‘ ‘ sealed wrapper ”. If the court were to sustain this objection it would nevertheless permit the town to serve its motion papers over again and much time and effort would be needlessly wasted. Under these circumstances, the technical objection is overruled (of. CPLR 104) and the court will proceed to dispose of this application on the basis of the .real issues.
Subdivision 2 of section 702 of the Real Property Tax Law provides that a proceeding of this nature shall be “ commenced within thirty days after the final completion and filing of the assessment roll containing such assessment ” and this has been construed to mean within 30 days of the date of the first publication of notice of filing of the assessment roll. (Ridgeway Country Club v. Marbach, 19 Misc 2d 714.) The facts are undisputed — the assessment roll had been filed in the office of the Town Clerk and the date of its first publication was September 17, 1964. The petition in this proceeding was served on October 19, 1964, at 9:20 a.m., which was on a Monday. Section 20 of the General Construction Law provides that the date from which any reckoning of time is made is excluded from computation. The thirtieth day after the date of the first publication fell on a Saturday, October 17, 1964. Section 25-a of the General Construction Law (L. 1952, eh. 821) previously was entitled “ Holiday or ¡Sunday in statutes ” (etc.) and provided that when the last day upon which an act is “ authorized or required to be done, ends on a Sunday or a public holiday other than a half holiday, such act may be done on the next succeeding business day”. The aforesaid provision was amended by ¡section 5 of chapter 855 of the Laws of 1964, the title was changed to “Public Holiday or Sunday in statutes ” (etc.) and the language “other than a half holiday” was omitted from the statute. The period from noon to midnight of each Saturday which is not a public holiday is defined as a *487 half holiday by section 24 of the General Construction Law. The argument is thus made that since section 25-a no longer contains an exclusionary reference to half-holidays it was intended by the Legislature to treat half-holidays in the same manner as public holidays and Sundays. The court does not agree with this conclusion because an analysis of all the amendments enacted under chapter 855 of the Laws of 1964 reflects a comprehensive plan whereby a clear distinction was drawn between public holidays and half holidays. Prior to the passage of chapter 855 the distinction between public holidays and half-holidays was ambiguous and therefore it was necessary under section 25ja of the General Construction Law to exclude half-holidays specifically in order to make it clear that a party was not entitled to an extension of time if the last day within which to perform an act fell on a Saturday. Since there is now a clear distinction between public holidays as contrasted with half holidays, the necessity to exclude half holidays no longer exists. No doubt this is .why the express language relating to half holidays was deleted from section 25-a of the General Construction Law. The court concludes that this proceeding was not instituted within the time specified by statute and therefore the motion to dismiss the proceeding is granted.