■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SALEH ROHANY, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Beerman, J.), rendered August 8, 1986, convicting him of insurance fraud in the first degree, falsifying business records in the first degree, and attempted grand larceny in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial of those branches of the defendant's motion which were to dismiss the fourth, fifth and sixth counts of the indictment.

Ordered that the judgment is reversed, on the law, those branches of the defendant's motion which were to dismiss the fourth, fifth and sixth counts of the indictment are granted, and the matter is remitted to the Supreme Court, Queens County, for the purpose of entering an order in its discretion pursuant to CPL 160.50.

The defendant was convicted of insurance fraud in the first degree, falsifying business records in the first degree and attempted grand larceny in the second degree in connection with insurance claims submitted by the defendant for lost merchandise resulting from a fire in a women's retail clothing store operated by him.

The defendant submitted to his insurer merchandise invoices representing 7,559 individual garments allegedly destroyed by the fire. These invoices were for stock with a total value of $69,868.80.

The People alleged that the store was not stocked with merchandise at the time of the fire and therefore the defendant's claims for the loss of the merchandise were fraudulent in nature.

At trial the court denied the defendant's motion for a trial order of dismissal pursuant to CPL 290.10 as to those counts of the indictment charging insurance fraud in the first degree, falsifying business records in the first degree and attempted grand larceny in the second degree.

Since the issue before this court is the legal sufficiency of the evidence we must view the facts in the light most favorable to the People and assume that the jury credited the People's witnesses and gave the prosecution's evidence the full weight that might be reasonably accorded it (see, People v Benzinger, 36 NY2d 29, 32).

Our review of the record reveals that the People failed to establish that the residue remaining after the fire was less than would be expected had 7,559 garments actually been consumed by the fire. Therefore, there was insufficient proof that the 7,559 garments were not in the store at the time of the fire. The evidence offered at trial was legally insufficient to prove that the defendant was guilty of insurance fraud in the first degree, falsifying business records in the first degree and attempted grand larceny in the second degree since all three charges were based upon the defendant's submitting insurance claims for merchandise which allegedly was not in the store at the time of the fire.

Accordingly, the judgment of conviction is reversed, and the charges of which the defendant was convicted are dismissed. Brown, J. P., Weinstein, Kooper and Sullivan, JJ., concur.