■ VICKI LAFRANCE, Individually and as Administratrix of the Estate of MATTHEW LAFRANCE, Deceased, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 71974.) (Appeal No. 1.)—Order reversed on the law with costs and motion denied, in accordance with the following memorandum: In this medical malpractice action against the State, claimant appeals from an order of the Court of Claims which granted defendant's motion to dismiss for lack of jurisdiction and denied claimant's cross motion to strike defendant's second affirmative defense claiming lack of jurisdiction. Under the particular circumstances presented here, we find that personal service on the State was effected, that the claim should not have been dismissed, and that claimant's motion should have been granted.

Claimant was named administratrix of her husband's estate on March 25, 1985. A notice of intention to file a claim against the State was timely filed with the Clerk of the Court of Claims on June 25, 1985 and served on the Attorney-General on the same date. It is the method of that service which is contested.

This claim arose in 1984, at which time section 11 of the Court of Claims Act provided that a claim or notice of intention had to "be served upon the attorney-general within the time hereinbefore provided for filing with the clerk of the court." We have held that the meaning of the term "served upon the attorney-general" requires personal service. "Although Court of Claims Act § 11 does not, *in haec verba,* require personal service, the CPLR provisions governing practice in Supreme Court apply *(see,* Court of Claims Act § 9 [9]). The CPLR requires personal service (CPLR 307, 308; *Matter of Scott v Coughlin,* 111 AD2d 480, *lv denied* 65 NY2d 606;

*Matter of Harlem Riv. Consumers Coop. v State Tax Commn.,* 44 AD2d 738, *affd* 37 NY2d 877)." *(Baggett v State of New York,* 124 AD2d 969.) The CPLR provides for commencement of an action against the State by personal service, defined as delivery "to an assistant attorney-general at an office of the attorney-general or to the attorney-general within the state" (CPLR 307 [1]).

The issue then is whether the manner of service herein was personal service. The affidavit of Richard P. Lombardo recites that he is a Federal Express courier; that he delivered a letter package sent from claimant at 561 Franklin Street in Buffalo consigned to Joseph P. Perretta of the New York State Department of Law at 403 Justice Building, Empire State Plaza, Albany, New York; that on June 25, 1985 he delivered that letter package to the Justice Building where it was accepted and signed for by Betty McDonald; that a true and accurate copy of the delivery record showing such signature was attached and incorporated by reference; and that the original of that record was prepared by the affiant in the ordinary course of business at or near the time of the events which it describes. It is not disputed that Betty McDonald is an Assistant Attorney-General. By letter to claimant's attorneys on June 27, 1985, Joseph P. Peretta, Assistant Attorney-General, acknowledged receipt on June 25, 1985 of a copy of verified notice of intention to file claim of Vicki LaFrance as administratrix of the estate of Matthew LaFrance and Vicki LaFrance, individually. The letter recited that the notice of intention had been received "subject to whatever legal objections may apply thereto."

In analyzing the issue whether the facts recited herein constitute personal service on the Attorney-General, we stress that we do not equate Federal Express delivery with personal service. Examining the circumstances in this case, however, we believe that it can fairly be said that personal service was accomplished.

Richard Lombardo delivered the notice to Assistant Attorney-General Betty McDonald personally. She accepted and signed for it. The fact that it was a notice of claim was acknowledged by Assistant Attorney-General Joseph Peretta. Although an affidavit of service was not executed contemporaneously, that is a ministerial defect which does not render service ineffective. That omission was remedied by submission of Lombardo's affidavit at the time service was challenged. We find that, under the foregoing circumstances, personal service on the State was effected, the claim should be reinstated and

claimant's motion to dismiss respondent's second affirmative defense should be granted.

All concur, except Boomer and Davis, JJ., who dissent and vote to affirm, in the following memorandum.

Boomer and Davis, JJ. (dissenting). We respectfully dissent. We disagree with the majority that the manner of service as described in the majority memorandum constituted personal service on the State of New York.

The Federal Express courier delivered a sealed letter package to an Assistant Attorney-General. Neither the Assistant Attorney-General nor the courier was aware of the contents of the letter package at the time of delivery. It was subsequently discovered that the letter package contained a notice of intention to file a claim against the State. CPLR 307 (1) provides personal service upon the State is made by delivery "to an assistant attorney-general at an office of the attorney-general or to the attorney-general within the state". Service of process is only effective when it is made in accordance with the appropriate method authorized by the CPLR *(see, Markoff v South Nassau Community Hosp.,* 61 NY2d 283, 288). Moreover, actual notice of the claim will not support the service or subject the State to the court's jurisdiction when there has not been strict compliance with designated conditions of service *(see, Feinstein v Bergner,* 48 NY2d 234, 241). Further, service of process on a party must be effected both knowingly and intentionally *(see,* 72 CJS, Process, § 42).

Finally, claimant failed to comply with the provisions of CPLR 306 (a), (b) regarding proof of service. (Appeal from order of Court of Claims, Benza, J.—dismiss action.) Present— Callahan, J. P., Denman, Boomer, Balio and Davis, JJ.