■ VICKI LAFRANCE, Individually and as Administratrix of the Estate of MATTHEW LAFRANCE, Deceased, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 71974.) (Appeal No. 2.)—Appeal dismissed as moot without costs. All concur, except Boomer and Davis, JJ., who dissent and vote to affirm, in the following memorandum.

Boomer and Davis, JJ. (dissenting). We respectfully dissent. In our view the appeal is not moot (see, LaFrance v State of New York, 144 AD2d 911, 913 [dissent] [decided herewith]). The motion of the claimant for an order permitting her to file a claim nunc pro tunc was properly denied. As a general rule, the doctrine of estoppel is not applicable against the State acting in a governmental capacity. The exceptions to the general rule have very limited application and are not present

here *(Matter of Hamptons Hosp. & Med. Center v Moore,* 52 NY2d 88, 93-94). Moreover, claimant failed to establish the elements necessary to warrant the application of the doctrine of equitable estoppel. An Assistant Attorney-General, in a letter to claimant's attorney, acknowledged receipt in the office two days earlier of the notice of intention "subject to whatever legal objections may apply thereto". Thereafter, in its answer, the State asserted the affirmative defense of lack of personal jurisdiction. Hence, the Court of Claims correctly concluded that "nothing the State did in any way misled" claimant *(see, Feinstein v Bergner,* 48 NY2d 234, 241). (Appeal from order of Court of Claims, Margolis, J—file claims.) Present—Callahan, J. P., Denman, Boomer, Balio and Davis, JJ.