VICKI LAFRANCE, Individually and as Administratrix of the Estate of MATTHEW LAFRANCE, Deceased, Appellant, v STATE OF NEW YORK, Respondent. (And Another Action.)— Motion for reargument granted and upon reargument, determinations and orders entered November 15, 1988 [144 AD2d 911] vacated and orders unanimously affirmed without costs, in accordance with the following memorandum: The determinations of the majority that personal service upon the Attorney-General's office was properly effected were based, in part, on the belief that the person upon whom service was made was an Assistant Attorney-General (see, CPLR 307). Upon motion for reargument, the State has submitted an affidavit of the person upon whom service was made in which she avers that she is a secretary in that office, not an Assistant Attorney-General. Because the majority's determinations were based in large part on that misconception, we vacate our prior determinations and unanimously affirm the order dismissing the claim and the order denying claimant's motion seeking permission to file a claim nunc pro tunc. Present—Callahan, J. P., Denman, Boomer, Balio and Davis, JJ.

KATHY FAZEKAS et al., Appellants, v TELEDYNE, INC., et al., Defendants.—Motion for reargument of appeal denied. Memorandum: The issue of collateral estoppel was not properly before us because it was not raised in the answer or in the motion papers (see, CPLR 3211 [a] [5]; [e]). Present—Dillon, P. J., Callahan, Doerr, Denman and Boomer, JJ.

NYNA CARBONELL, Respondent, v ROCHESTER GENERAL REGIONAL TRANSIT AUTHORITY, Appellant.—Motion granted and appeal dismissed. Memorandum: The appeal has been dismissed without the necessity of an order (see, 22 NYCRR 1000.3 [b] [2] [i]). Present—Callahan, J. P., Doerr, Boomer, Lawton and Davis, JJ.

GLENN J. O'SHEI et al., Appellants, v FMC CORP. et al., Respondents.—Motion to strike Appendix granted. Memorandum: Although some of the exhibits attached to appellant's brief were referred to in affidavits that appear in the stipulated record, the exhibits do not appear in the record. If appellant contends that the exhibits were before the motion court and should be part of the record, its remedy is to move to vacate the stipulation and to settle the record. Present—Callahan, J. P., Doerr, Denman, Balio and Lawton, JJ.