OPINION OF THE COURT
Gerard M. Weisberg, J.
This motion raises two important procedural issues: (1) how must an amended claim be served, and (2) does service by Federal Express comply with CPLR 2103 (b) (3)? We hold that *941 where the defendant has appeared, an amended claim is an interlocutory paper which may be served in accordance with CPLR 2103. Moreover, we find that on the facts before us service by Federal Express satisfies that rule.
The facts are not in dispute. By a decision and order, dated November 30, 1987, claimant’s conviction for insurance fraud and other crimes was reversed on appeal and the indictment dismissed. (People v Rohany, 134 AD2d 627, lv denied 70 NY2d 1010.) He filed a claim under the Unjust Conviction and Imprisonment Act of 1984 (Court of Claims Act § 8-b) on April 14, 1988 and the State answered. No objection was contained therein with respect to the timeliness or manner of service of the claim.
Thereafter, defendant moved to dismiss on the ground that the claim failed to allege sufficient facts to establish claimant’s entitlement to relief under section 8-b. By an opinion and order, both dated November 17, 1988, we granted the motion but with leave for claimant to serve and file a more detailed amended claim. (Rohany v State of New York, NYLJ, Dec. 5, 1988, at 29, col 4.) On March 15, 1989, a timely amended claim was delivered to the clerk of this court in Albany and to the New York office of the Attorney-General by Federal Express courier.
Thereafter, at an April 3, 1989 conference before the court, the issue of Federal Express service of an amended claim was raised. Specifically, the question posed was whether an amended claim must be served in accordance with section 11 of the Court of Claims „ Act, i.e., by personal delivery to the Attorney-General or an Assistant Attorney-General or by certified mail, return receipt requested. (See also, CPLR 307.) Without conceding the point, claimant now moves for a modification of our order of November 17, 1988 to enlarge the time within which he may effectuate service under section 11.
The State opposes the relief under the theory that the amended claim superseded the original, yet still failed to confer jurisdiction because it was not served in accordance with section 11. Thus, in the State’s view, there is no proceeding pending within which we may exercise Our discretion. Inasmuch as we conclude that service of an amended claim may be made under CPLR 2103, we need not attempt to unravel this Gordian Knot.
The method of service of an amended claim is not provided for in either the Court of Claims Act nor in the Uniform *942 Rules for Trial Courts.[1] The only reference one finds is rule 206.7 (22 NYCRR), which provides that where leave is required before one may employ an amended pleading, such must be sought in accordance with CPLR 3025. The latter specifies when and how leave shall be granted but not the method of service thereafter. Reference must therefore be made to other authority.
Where the Court of Claims Act and Uniform Rules are silent, the Civil Practice Law and Rules govern. (22 NYCRR 206.1 [c]; Baggett v State of New York, 124 AD2d 969, supra; L-C Sec. Serv. Corp. v State of New York, 107 Misc 2d 433.)
CPLR 3012 (a) provides that once a defendant has appeared the service of amended pleadings shall be in accordance with CPLR 2103. (See, e.g., Carp v Marcus, 105 AD2d 584; Eidlitz v Village of Dobbs Ferry, 97 AD2d 747.) Similarly, CPLR 305 (c) provides that in the absence of prejudice, a summons may be amended and service, to the extent required thereafter, may also be made under CPLR 2103. (See, Siegel, NY Prac § 65.) In other words, once jurisdiction has been obtained over a defendant, there is no need for the service of amended process. (See, Patrician Plastic Corp. v Bernadel Realty Corp., 25 NY2d 599; Doyle v Happy Tumbler Wash-O-Mat, 113 AD2d 818; Connor v Fish, 91 AD2d 744; Luce v Pierce Muffler Shops, 51 Misc 2d 256, affd without opn 28 AD2d 826; see also, Cooky’s Is. Steak Pub v Yorkville Elec. Co., 130 Misc 2d 869; Schwartzberg v State of New York, 121 Misc 2d 1095, affd on opn below 98 AD2d 902.).
Thus, reading the provisions together, once jurisdiction has been obtained over a defendant who appears, an amended summons generally need not be served at all and amended pleadings are to be served in accordance with CPLR 2103. We have discussed both provisions because a claim in this court serves the function of both the summons and complaint in Supreme Court practice. (See, Spinella v State of New York, NYLJ, Apr. 20, 1988, at 13, col 1.) Like a summons, it is by service of the claim that jurisdiction is obtained over the defendant. (See, Court of Claims Act § 11.) Like a complaint, it must allege all the elements of a cause of action. (Patterson v State of New York, 45 NY2d 885.) Applying CPLR 3012 and *943 305 to proceedings in this court, we hold that once jurisdiction has been obtained over a defendant who appears, an amended claim may be served in accordance with CPLR 2103.
Here, defendant answered the original claim. It therefore appeared. (CPLR 320 [a]; Siegel, NY Prac § 110.) Moreover, the answer contained no objection to the exercise of jurisdiction over it.[2] We therefore conclude that CPLR 2103 provides the parameters for service of the amended claim. In the absence of a specific provision of the Court of Claims Act or the Uniform Rules to the contrary, we decline to add a new "judicial gloss” to the procedure of this court. (See, Muller v State of New York, 108 AD2d 181, revd on other grounds 67 NY2d 271.)
Which brings us to the second issue. CPLR 2103 (b) provides, in pertinent part, that service of interlocutory papers shall be made on a party’s attorney by (1) personal delivery to him or her; (2) by use of United States mail; or (3) "if his office is open, by leaving the paper with a person in charge, or if no person is in charge, by leaving it in a conspicuous place; or if his office is not open, by depositing the paper, enclosed in a sealed wrapper directed to him, in his office letter drop or box”. Clearly, personal delivery of an amended claim to an Assistant Attorney-General or mailing it to his or her office would satisfy this rule. Here, it was sent by Federal Express courier and received by the clerk in the mail room, not an explicitly authorized method of service. LaFrance v State of New York (144 AD2d 911) however, establishes the proposition that a Federal Express courier can be a claimant’s agent for effectuating personal delivery of an original claim to an Assistant Attorney-General.[3] A fortiori, he or she can effectuate delivery of an amended claim to the office of an Assistant Attorney-General.[4]
*944 Moreover, defects in service under CPLR 2103 are mere irregularities which may be disregarded in the absence of prejudice. Where, as here, interlocutory papers are actually received by the other party in a timely manner, there will seldom be reason to overturn the service. (See, Matter of Bedford Lake Park Corp. v Board of Assessors, 45 Misc 2d 485; see also, CPLR 2001; Balancio v American Opt. Corp., 66 NY2d 750; Calabrese v Springer Personnel, 141 Misc 2d 566.) Here, no prejudice is alleged. We therefore hold the service good.
For the foregoing reasons, the relief sought herein is unnecessary.

. While defendant cites numerous cases for the proposition that notices of intention and claims served by regular mail are jurisdictionally defective (see, e.g., Reed u State of New York, 147 AD2d 767; Baggett v State of New York, 124 AD2d 969), not one of these cases deals with an amended claim.

. We also note that defendant has apparently defaulted in answering the amended claim. (See, 22 NYCRR 206.7 [a]; Schoenborn v Kinderhill Corp., 98 AD2d 831.) Since the manner of service of a claim goes only to personal jurisdiction and is waivable (Reed v State of New York, 147 AD2d 767) arguably that defense is no longer available.

. While LaFrance v State of New York (147 AD2d 985, lv denied 74 NY2d 604) was vacated on reargument, it was because the delivery had been made to a secretary instead of to an Assistant Attorney-General in violation of Court of Claims Act § 11. Inasmuch as CPLR 2103 requires only delivery to the attorney’s office, LaFrance remains good law with respect to a Federal Express courier’s status as an agent to effectuate service.

. We also note that CPLR 2103 has been amended as of January 1, 1990 to explicitly authorize the service of interlocutory papers by "over-night *944 delivery service”. (L 1989, ch 478, §§ 1, 3.) We conclude that the intent of the change is only to codify existing practice.