*439 OPINION OF THE COURT
Louis C. Benza, J.
Defendant moves for an order dismissing this claim on the ground that service was improper, and claimant cross-moves for an order granting summary judgment in his favor.
By this action, claimant seeks money damages to compensate for various losses and injuries occasioned when his medical license was suspended and he was required to undergo a psychiatric examination and to take part in a psychiatric counseling program as a condition for restoration of the license. In lieu of answering, counsel for defendant moves for an order dismissing the claim on the ground that claimant failed to serve the claim on the Attorney-General in the manner required by section 11 (a) of the Court of Claims Act.
In support of the motion, counsel has submitted a photocopy of a portion of the carton in which the claim was received at the Department of Law and a copy of claimant’s affidavit of service. Both of these exhibits establish that the claim was served by United States Postal Service Express Mail Next Day Service. On the Express Mail form attached to the carton there is a signature acknowledging receipt of the package at the office of the Attorney-General in Albany. Section 11 (a) requires that the Attorney-General be served either in person or by certified mail, return receipt requested. The question presented by this motion is whether the type of service utilized by claimant can satisfy either part of that statutory requirement.
Claimant refers to CPLR 307 (1) and asserts that delivery by United States Express Mail is an acceptable method by which to effect personal service on the State. CPLR 307 (1) specifically requires, however, that the summons (or, here, the claim) be delivered to an Assistant Attorney-General. There is nothing before us that suggests, much less proves, that the carton was received by an Assistant Attorney-General. Delivery to someone other than an Assistant Attorney-General cannot constitute proper personal service on the State (La-France v State of New York, 147 AD2d 985, vacating 144 AD2d 911, lv denied 74 NY2d 604).
Even if claimant were to prove that the person signing the receipt form was an Assistant Attorney-General, it is difficult to see how Express Mail delivery by a United States Postal Service employee could lead to proper, verifiable personal service. Claimant’s affidavit of service states only that he *440 "caused” the claim to be served "by Express Mail” on the Attorney-General. A statement of this sort may be sufficient to establish proper service by mail, but it is not adequate proof of personal service. Proof of personal service must, first of all, be established by an affidavit of the person who delivered the pleading (CPLR 306 [d]). The affidavit must be based on firsthand knowledge, and an attorney’s or party’s assertion of "what he believed occurred at the time service purportedly was made” will not suffice (Calco v State of New York, 165 AD2d 117,119, lv denied 78 NY2d 852).
In addition to giving the name of the person served and the date, time and location that service occurred, CPLR 306 (a) requires that the affidavit also specify the papers served and show that "service was made by an authorized person and in an authorized manner.” Finally, when personal service is used, the proof of service must also describe the person to whom delivery was made "including, but not limited to, sex, color of skin, hair color, approximate age, approximate weight and height, and other identifying features” (CPLR 306 [b]). Unless Postal Service employees are informed of the contents of the parcels they personally deliver and are willing to relate in an affidavit information about themselves and about the person to whom they made delivery, it would seem impossible for a litigant to establish that there was proper personal service.
A closer question arises when considering whether the method of service employed by claimant is so similar to service by certified mail, return receipt requested, that it can be deemed proper service under section 11 (a) of the Court of Claims Act. As noted above, the photocopy provided by counsel for defendant indicates that someone at the Attorney-General’s office signed an acknowledgement establishing that the carton was received. Unlike personal service, which must fulfill the applicable requirements of CPLR 306 and 307, the alternative method provided for in Court of Claims Act § 11 (a) does not require an affidavit from the person making delivery or that the pleading be accepted by an Assistant Attorney-General.
The issue presented here has been referred to by Judges of this court as strict constructionism versus common sense. Unfortunately, common sense is not a qualitative term having universal application, thus making the decision process based on that premise relative, subject to divergencies without solid guidance to either Bench or Bar. If the common derivative of *441 common sense is governed by the maxim of getting the job done, certainly any service of process which gives notice within the time restraints of the Court of Claims Act would be sufficient. Perhaps that is how it should be done; however, such determinations lie within the province of the Legislature, not the courts.
In the area of service, this separation of legislative and judicial authority seems to be favored by the courts, who, although recognizing the appearance of inequity, have held to the letter of the statute. (See, e.g., Bogel v State of New York, 175 AD2d 493; LaFranee v State of New York, 147 AD2d 985, supra; Charbonneau v State of New York, 148 Misc 2d 891, 894, affd 178 AD2d 815, affd sub nom. Dreger v New York State Thruway Auth., 81 NY2d 721.) It is also noteworthy that attempts to change the method of service upon the Attorney-General to include registered or Express Mail and delete the "return receipt requested” provision died in the Senate (see, Schaeffer v State of New York, 145 Misc 2d 135, 138). In any event, wouldn’t a truly commonsense approach require a litigant to consult the Court of Claims Act and follow its express requirements for initiating an action in this court. This court agrees with those who have held that the statute must be strictly adhered to and that service by Express Mail, even when a return receipt has been provided, is not sufficient to obtain personal jurisdiction over the defendant. (Wright v State of New York, claim No. 86631, mot No. M-47426, filed May 13, 1993, Silverman, J.; Marine Midland Bank v State of New York, claim No. 81558, mot No. M-43136, filed Dec. 19, 1991, E. Margolis, J.)
Claimant argues that "ridiculous trifles, little details and insignificant facts” should not determine the outcome of actions. This overlooks the limitations that a State may very legitimately place on its waiver of sovereign immunity. "Because suits against the State are allowed only by the State’s waiver of sovereign immunity and in derogation of the common law, statutory requirements conditioning suit must be strictly construed” (Dreger v New York State Thruway Auth., 81 NY2d 721, 724, supra; see also, Finnerty v New York State Thruway Auth., 75 NY2d 721; Bogel v State of New York, 175 AD2d 493, supra).
Because claimant failed to properly serve his claim on the *442 Attorney-General and because counsel for defendant raised the defense in a proper and timely fashion (see, Court of Claims Act § 11 [c]), defendant’s motion is granted and the claim is dismissed. Claimant’s cross motion for summary judgment is, consequently, denied as moot.