■ VITO M. FOSELLA BUILDERS & GENERAL CONTRACTORS, INC., Respondent, v MURRAY SILVER et al., Appellants. [617 NYS2d 59] —In an action to recover damages for work, labor, and services performed, the defendants appeal from (1) so much of an order of the Supreme Court, Westchester County (Rosato, J.), dated March 9, 1993, as denied the branch of their motion which was to dismiss the complaint for failure to state a cause of action, and (2) an order of the Supreme Court, Westchester County (Coppola, J.), dated November 3, 1993, which, after a hearing to determine whether service of process had been properly effectuated, denied the branch of the defendants' motion which was to dismiss the complaint for failure to obtain personal jurisdiction over the defendants.

Ordered that the order dated March 9, 1993, is affirmed insofar as appealed from; and it is further,

Ordered that the order dated November 3, 1993, is affirmed; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

The defendants contend that the service of process made pursuant to CPLR 308 (2) was not proper because the required mailing, which was made on June 1, 1992, was not made within the requisite 20 days after service upon the defendants' doorman. The defendants contend that they returned to New

York on May 8, 1992, that their arrival in New York was undisputed and supported by the defendants' airline tickets, which were admitted into evidence at the hearing to determine whether service of process had been properly effectuated, and that the defendants found the summons and complaint in their mailbox on May 8, 1992. The defendants further argue that the notation on the affidavit of service, "11st day of May", indicated that the doorman was served on May 1st and not on May 11th, as argued by the plaintiff. Therefore, the defendants contend that the requisite mailing was not effectuated within 20 days of service, and service was therefore not proper.

On the other hand, the process server testified at the hearing that he served the doorman on May 11, 1992, and that when he signed the affidavit of service he did not notice the typographical error indicating "11st day of May".

It is well established that the plaintiff has the burden of proving, by a preponderance of the credible evidence, that service was properly made (see, Frankel v Schilling, 149 AD2d 657). The hearing court was presented with a question of credibility, which the court resolved in favor of the plaintiff, finding that process was served on the defendants' doorman on May 11, 1992. Matters of credibility are best determined by the hearing court, which had the opportunity to observe the witnesses (see, Billings v Southside Hosp., 122 AD2d 101; Altman v Wallach, 104 AD2d 391). The hearing court's determination is entitled to great weight and should not be disturbed if supported by a fair interpretation of the evidence (see, Nagib v Tolette-Velcek, 133 AD2d 72; Occhiuzzi v Occhiuzzi, 108 AD2d 799). We find that the hearing court's determination should not be disturbed.

We also find that the branch of the defendants' motion which was to dismiss the complaint for failure to state a cause of action was properly denied. The defendants argued that County of Westchester Consumer Protection Code, article XVI, § 863.313 required that the plaintiff be licensed to conduct a home improvement business in Westchester County and that the plaintiff failed to comply with CPLR 3015 (e), which provides in pertinent part: "Where the plaintiff's cause of action against a consumer arises from the plaintiff's conduct of a business which is required by state or local law to be licensed by * * * the Westchester county department of consumer affairs/weight-measures * * * the complaint shall allege, as part of the cause of action, that plaintiff is duly licensed and shall contain the name and number, if any, of

such license and the governmental agency which issued such license". The effective date of County of Westchester Consumer Protection Code article XVI is April 20, 1987. Article XVI, § 863.324, *Miscellaneous* (2) provides: "The provisions of this Article shall not apply to any home improvement to be performed under a home improvement contract made prior to the effective date of this Article." The complaint alleged that: "Commencing on or about June 1, 1986, and continuing through and including October 12, 1990, defendants repeatedly requested plaintiff to perform certain work, labor and services and otherwise make improvements to, on, and about property owned by the defendants and located in the Town of Pound Ridge, County of Westchester, State of New York." The Supreme Court found that "[I]t is at least inferable that plaintiff and defendants contracted for plaintiff's services well prior to the April 20, 1987, effective date of the subject Code and therefore said licensing provision would not be applicable herein". We find that the Supreme Court, in examining the sufficiency of the complaint, properly construed the challenged pleading liberally and properly denied the defendants' motion to dismiss the complaint *(see,* CPLR 3026; *Components Direct v European Am. Bank & Trust Co.,* 175 AD2d 227). Thompson, J. P., Sullivan, Altman and Goldstein, JJ., concur.