■ WILLIAM T. WERN et al., Appellants, v ALEXANDER D'ALESSANDRO et al., Respondents, et al., Defendants. [631 NYS2d

425] —In an action to recover damages for wrongful death and medical malpractice, the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Floyd, J.), dated December 20, 1993, which, after a hearing, granted the motion of the defendants Alexander D'Alessandro, M.D. and Alexander D'Alessandro, M.D., P.C., to dismiss the complaint insofar as it is against them for lack of personal jurisdiction.

Ordered that the order is affirmed, with costs.

It is well established that "it is the plaintiff who bears the ultimate burden of proving by preponderating evidence that jurisdiction over [a] defendant was obtained" *(Powell v Powell,* 114 AD2d 443, 444; *see also, Frankel v Schilling,* 149 AD2d 657; *Torres v Corpus,* 131 AD2d 463, 464; *Kaszovitz v Weiszman,* 110 AD2d 117, 119). It is also well-settled that where "there is a sworn denial of service by [a] defendant, the affidavit of service is rebutted and the plaintiff must establish jurisdiction by a preponderance of the evidence at a hearing" *(Skyline Agency v Ambrose Coppotelli, Inc.,* 117 AD2d 135, 139; *see also, De Zego v Donald F. Bruhn, M.D., P. C.,* 67 NY2d 875, 877).

The issue presented at the instant hearing was whether the defendants Alexander D'Allessandro and Alexander D'Alessandro, P. C., were personally served by in-hand delivery of the summons and complaint to the defendant Alexander D'Alessandro, M.D. (hereinafter the doctor), on January 3, 1992, at his office in Smithtown, New York as asserted in the affidavit of service by the plaintiffs' process server. The doctor denied such service and maintained that he was in fact in Vail, Colorado on the date of the alleged service. In support of his contention the doctor offered into evidence, *inter alia,* his office and surgical appointment diaries which showed no scheduled appointments for January 3, 1992, as well as various credit card receipts from Vail, Colorado retail establishments (dated January 2, 3, 4 and 5, 1992), and copies of airline tickets for a flight from New York to Vail on December 29, 1991, and a retrun flight on January 5, 1992. The hearing court allowed all of the doctor's documentation into evidence.

Although some of the doctor's documentation, such as credit card receipts and copies of the airline tickets, were improperly admitted under the business records exception to the hearsay rule (CPLR 4518 [a]) *(see generally, Insurance Co. v Gottlieb,* 186 AD2d 470; *Standard Textile Co. v National Equip. Rental,* 80 AD2d 911), nevertheless, under the facts and circumstances herein, the admission of these items constituted harmless error and does not warrant reversal *(see,* CPLR 2002; *Walker v*

*State of New York,* 111 AD2d 164, 165; McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 2002:1, at 449-450). Based upon the evidence which was properly admitted, as well as the credibility of the witnesses who the hearing court had the opportunity to observe, we see no reason to disturb the court's determination that the plaintiffs failed to prove by a preponderance of the evidence that jurisdiction was obtained over the defendant doctor or his corporation *(see, Martini v Powers,* 105 AD2d 731). Sullivan, J. P., O'Brien, Thompson and Santucci, JJ., concur.