OPINION OF THE COURT
Louis C. Benza, J.
The State seeks an order pursuant to CPLR 3212 dismissing the claim on the ground that the claim was improperly served upon the Attorney-General. Claimant cross-moves, in the event the court grants the State’s motion, for an order permitting claimant to serve and file a late claim pursuant to Court of Claims Act § 10 (6), or, in the alternative, for an order permitting recommencement of this action pursuant to CPLR 205 (a); 304, 306-b (b) and 311.
The claim alleges a cause of action, pursuant to Court of Claims Act § 8-b, for unjust conviction and imprisonment.
Claimant refers to CPLR 307 (1) and asserts that delivery by United States express mail is an acceptable method by which to effect personal service on the State. CPLR 307 (1) specifically requires, however, that the summons (or, here, the claim) be delivered to an Assistant Attorney-General. There is nothing before us that suggests, much less proves, that the claim was received by an Assistant Attorney-General. Delivery to someone other than an Assistant Attorney-General cannot constitute proper personal service on the State (LaFrance v *89 State of New York, 147 AD2d 985, vacating 144 AD2d 911, lv denied 74 NY2d 604; Hodge v State of New York, 158 Misc 2d 438, affd 213 AD2d 766).
Claimant having failed to properly serve his claim on the Attorney-General and the State having raised the defense in a timely and proper manner (see, Court of Claims Act § 11 [c]), defendant’s motion is granted and the claim is hereby dismissed.
We now turn to claimant’s cross motion for permission to file a late claim pursuant to Court of Claims Act § 10 (6), or, in the alternative, for an order permitting recommencement of the action pursuant to CPLR 205 (a); 304 and 306-b (b).
The Statute of Limitations for bringing a claim for wrongful conviction is not contained in CPLR article 2. It is contained in Court of Claims Act § 8-b (7), which provides that a claim under section 8-b be filed within two years of accrual. Thus, neither the general time limits contained in section 10 nor CPLR article 2 has any application to section 8-b cases (see, Yonkers Contr. Co. v State of New York, 74 NY2d 682).
Based upon the foregoing, claimant’s motion for permission to file a late claim is denied.
Claimant further asserts that he should be permitted to recommence this action in accordance with CPLR 205 (a) and 306-b (b).
In Dreger v New York State Thruway Auth. (81 NY2d 721), the Court of Appeals concluded that if a claimant has not met the literal requirements of Court of Claims Act § 11, the action is not timely commenced and CPLR 205 (a) relief is not available (supra, affg Charbonneau v State of New York, 178 AD2d 815, affg 148 Misc 2d 891).
Claimant asserts that following the decision in Dreger (supra), CPLR 304 was amended (L 1992, ch 216), thereby changing the result of that decision. The amendment to CPLR 304 provides that an action is commenced by filing a summons and complaint or summons with notice with the clerk of the court in the county in which the action is brought. Thus, claimant asserts, pursuant to CPLR 304, an action in this court is now deemed timely commenced when the claim is filed, and CPLR 205 (a) is applicable to allow recommencement. In addition, claimant asserts, CPLR 306-b (b) provides a 120-day period within which to recommence an action that does not qualify for the six-month extension of CPLR 205 (a).
Court of Claims Act § 9 (9) provides that practice in this court shall be the same as in Supreme Court except as *90 otherwise provided in the Court of Claims Act, the Uniform Rules for the Court of Claims, and the Civil Practice Law and Rules. In this court, as stated by the Court of Appeals in Dreger (supra), an action is commenced when the claim is filed with the court and properly served upon the Attorney-General (see, Court of Claims Act §§ 10, 11). We do not believe that the Legislature intended for CPLR 304, as amended, to apply to actions in the Court of Claims as the statute explicitly refers to actions commenced by "summons and complaint or summons with notice”. A claim, not a summons and complaint or notice, is used in this court (see, Siegel, 391 NY St L Dig, at 5 [July 1992]).
Thus, we find that to timely commence an action in the Court of Claims, a claim must be timely filed as well as timely and properly served upon the Attorney-General (see, ibid.). We find and conclude that the ameliorative provisions of CPLR 205 (a) and 306-b (b) are not available to claimant herein as his claim was not timely commenced (see, Hallman v Horowitz, 160 Misc 2d 225).
To recapitulate, the State’s motion to dismiss the claim on the basis that the claim was improperly served upon the defendant is granted and the claim is dismissed. Claimant’s cross motion for permission to file a late claim pursuant to Court of Claims Act § 10 (6) is denied. His cross motion for an order permitting recommencement of this action pursuant to CPLR 205 (a); 304 and 306-b (b) is denied.