■ ELVIN NEGRON, Appellant, v STATE OF NEW YORK, Respondent. [684 NYS2d 566] —In a claim to recover damages for personal injuries, the claimant appeals (1) from an order of the Court of Claims (Silverman, J.), dated August 14, 1997, which, after a hearing, dismissed the claim for lack of personal jurisdiction, and (2), as limited by his brief, from so much of an order of the same court, entered October 30, 1997, as, upon granting reargument, adhered to its original determination.

Ordered that the appeal from the order dated August 14, 1997, is dismissed, as that order was superseded by the order entered October 30, 1997, made upon reargument; and it is further,

Ordered that the order entered October 30, 1997, is affirmed insofar as appealed from; and it is further,

Ordered that the respondent is awarded one bill of costs.

Contrary to the claimant's assertions on appeal, the Court of Claims did not err in dismissing this claim due to improper service of process.

The claimant was allegedly injured in July 1993. In October 1993, she filed a notice of intention to make a claim with the Clerk of the Court of Claims and attempted to effect service on the Attorney-General (see, Court of Claims Act §§ 10, 11; CPLR 307). After a hearing on the propriety of the claimant's service on the Attorney-General, at which she failed to produce the process server who allegedly effected that service, the court held service invalid and dismissed the claim. On appeal, the claimant argues that the court erred when it failed to accept the affidavit of service, standing alone, as prima facie proof that service was properly effected. We disagree.

The affidavit of service proffered by the claimant indicates that the notice of intention to make a claim was served on the Attorney-General both by "Federal Express mail, for overnight delivery", in Albany, and by "hand delivery" at an office of the Attorney-General in Hauppauge. Because the first manner of delivery was admittedly improper, as it was not by certified mail, return receipt requested, as required (see, Dreger v New York State Thruway Auth., 81 NY2d 721; Court of Claims Act § 11), we focus on the second alleged manner of service. However, the process server's affidavit of service failed to either identify the party allegedly personally served or to set forth the descriptive information concerning the party served required by CPLR 306 (b) (see, De Zego v Donald F. Bruhn,

*M.D., P. C.,* 67 NY2d 875; *LaFrance v State of New York,* 147 AD2d 985). Because the claimant failed to proffer evidence at the hearing to remedy this omission, the court did not err in dismissing the action (*see, Wern v D'Alessandro,* 219 AD2d 646; *Fosella Bldrs. & Gen. Contrs. v Silver,* 208 AD2d 525).

The plaintiff's remaining contention lacks merit. Bracken, J. P., Ritter, Santucci and Altman, JJ., concur.