OPINION OF THE COURT
Mark C. Dillon, J.
This action was commenced on behalf of the plaintiff by the filing and service of a summons and verified complaint and an amended verified complaint, accomplished on or about September 9, 1999 and November 5, 1999, respectively. By his *513 complaint, the plaintiff, Michael Secreto (Secreto), seeks monetary damages for an alleged wrongful age-based termination from his employment as a senior assembler with the defendant, International Business Machines Corporation (IBM). Issue was joined by service of IBM’s answer to the amended complaint dated November 24, 1999 which denied the material allegations of the complaint and which asserted four affirmative defenses.
The action has since been in a state of utter inactivity, and no request for judicial intervention was ever filed by any party until IBM did so in order to pursue the instant motion.
A “90-day notice” was served upon plaintiff’s counsel on August 22, 2002 demanding that the plaintiff resume prosecution and file and serve a note of issue within 90 days, otherwise a motion would be made for dismissal of the complaint for want of prosecution. There was no response to the notice by plaintiff’s counsel.
By notice of motion also served upon plaintiff’s counsel, IBM now seeks an order pursuant to CPLR 3216 dismissing the complaint for the plaintiff’s failure to prosecute. No opposition papers have been received by or on behalf of the plaintiff.
CPLR 3216 (b) provides that for there to be a dismissal for failure to prosecute, issue be joined in the action for at least one year and that the “90-day notice” be transmitted by registered or certified mail. Documentation from Federal Express reflects the delivery of the notice upon a representative of plaintiff’s counsel.
The language of CPLR 3216 (b) (3), requiring that the demand for resumption of prosecution be transmitted by registered or certified mail, became effective September 1, 1978. The statute’s precise language excludes other potential methods of service. (See, Schaeffer v State of New York, 145 Misc 2d 135, 136 [Ct Cl 1989].) However, use of overnight delivery services for the transmittal of documents, by Federal Express and its competitors, was not nearly as routine in 1978 as it is today. The statutory requirement that registered or certified mail be utilized for the transmittal of a 90-day notice appears to be in furtherance of a legislative intent that service of the demand be documentable. A delivery receipt from Federal Express, evidencing delivery of a demand to a proper recipient, is as persuasive and reliable today as a registered or certified mail receipt.
The Court of Appeals has held that a party’s service of a CPLR 3216 demand by regular mail rather than by registered *514 or certified mail is a mere procedural irregularity, and that absent a showing of prejudice to a substantial right of a plaintiff, a dismissal motion for neglect to prosecute should not be denied as jurisdictionally defective. (Balancio v American Opt. Corp., 66 NY2d 750, 751 [1985]; accord, Rohany v State of New York, 144 Misc 2d 940, 944 [Ct Cl 1989]; Matter of Bedford Lake Park Corp. v Board of Assessors of Town of Bedford, 45 Misc 2d 485, 486 [Sup Ct, Westchester County 1965]; cf., CPLR 104.) Here, no substantive right of the plaintiff has been abridged, particularly as the Federal Express delivery of the CPLR 3216 demand has been proven by documentary evidence to have been accomplished upon plaintiffs counsel, in a manner that is the functional equivalent to registered or certified mail delivery.
In light of the foregoing, and given the plaintiff’s failure to resume prosecution activities despite the CPLR 3216 demand, it be and is hereby ordered that the motion of the defendant, International Business Machines Corporation, for dismissal of the plaintiffs complaint for failure to prosecute is granted pursuant to CPLR 3216, and said complaint is dismissed.