Ricciardi v State of New York (2022 NY Slip Op 00386)





Ricciardi v State of New York


2022 NY Slip Op 00386


Decided on January 25, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 25, 2022

Before: Gische, J.P., Webber, Mendez, Rodriguez, Pitt, JJ. 


Claim No. 134936 Appeal No. 15134 Case No. 2020-04692 

[*1]Patrice Ricciardi, as Administratrix of the Estate of Dominic G. Iannacone, et al., Claimants-Appellants,
v
The State of New York, Defendant-Respondent. 


Pollack, Pollack & DeCicco, LLP, New York (Brian J. Isaac of counsel), for appellants
Letitia James, Attorney General, New York (Stephen J. Yanni of counsel), for respondent.



Order of the Court of Claims of the State of New York (Richard E. Sise, J.), entered October 21, 2020, which denied claimants' motion to strike certain affirmative defenses and for leave to file a late claim and granted defendant's cross motion to dismiss the claim, unanimously affirmed, without costs.
In April 2015, decedent Iannacone was convicted of robbery in the second degree and sentenced to seven and one-half years in prison. In September 2017, the conviction was vacated under CPL 440.10(1)(g) and decedent was released from incarceration. The indictment was dismissed on February 13, 2018. On May 14, 2018, decedent filed a notice of intention to file a claim against the State of New York for unjust conviction and imprisonment under § 8-b of the Court of Claims Act. Decedent died on May 20, 2019 and, on May 14, 2020, Ricciardi was appointed administrator of his estate. Ricciardi filed the instant verified claim under Court of Claims Act § 8-b on June 17, 2020.
Defendant filed a verified answer on July 17, 2020, which stated affirmative defenses for, inter alia, lack of standing, absence of a proper verification in accordance with Court of Claims Act § 8-b (4), and expiration of the two-year statute of limitations under Court of Claims Act § 8-b(7). Claimants opposed arguing that the limitations period was initially tolled by decedent's death under CPLR 210 and then further tolled by a series of Covid-related executive orders issued beginning on March 20, 2020.
Defendant opposed the motion and cross-moved to dismiss the claim. Although the notice of motion did not itself state the ground for relief, the supporting affirmation explained that the claim should be dismissed as untimely and for lack of standing and verification. Defendant argued that CPLR 210 did not apply to wrongful conviction claims under Court of Claims Act § 8-b, and that Court of Claims Act § 10(6) only applied to claims governed by the time limitations set forth in § 10 thereof. The motion court denied claimants' motion and granted defendant's cross-motion. We agree and find that the claim under Court of Claims Act § 8-b was correctly dismissed as untimely, as it was not filed within two years after the dismissal of the indictment, as required by Court of Claims Act § 8-b(7), and, contrary to claimants' contention, the limitations period was not tolled.
The death toll under CPLR 210(a) does not apply to unjust conviction claims against the State under Court of Claims Act § 8-b (see Taylor v State of New York, 55 AD3d 414, 414 [1st Dept 2008], lv denied 12 NY3d 703 [2009]; Pelnick v State of New York, 171 AD2d 734, 735 [2d Dept 1991]; DeFilippis v State of New York, 157 AD2d 826, 828 [2d Dept 1990]; Kaplan v State of New York, 152 AD2d 417, 418-419 [3d Dept 1989]). Court of Claims Act § 10(6) does not apply to claims, such as this one, involving limitations periods set forth outside Court of Claims Act § 10 (see Yonkers Contr. Co. v State of New York, 74 NY2d 682 [1989[*2]], revg for the reasons stated in the dissenting opinion 142 AD2d 518, 523-525 [1st Dept 1988] [Leonard H. Sandler, J., dissenting]; Gurley v State, 173 Misc 2d 87, 89 [Ct Cl 1997]). Nor would an extension under CPLR 2004 and 2005 be appropriate, because it was not requested until after the time for filing had already expired, leaving the court with "no discretion to grant relief nunc pro tunc" (see Chaudry v State of New York, 167 AD3d 704, 704 [2d Dept 2018]).
The motion court properly exercised its discretion in disregarding the fact that the notice of cross motion did not state the grounds for relief, since the grounds were made clear in the supporting affirmation (see CPLR 2001; Rosenheck v Schachter, 194 AD3d 1144, 1145-46 [3d Dept 2021]; Matter of Arkadian S. [Crystal S.], 130 AD3d 1457, 1458 [4th Dept 2015], lv dismissed 26 NY3d 995 [2015]; Matter of Limandri, 171 AD2d 747, 747 [2d Dept 1991]).
In view of our disposition of these issues, we need not consider claimants' arguments with respect to standing and verification.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 25, 2022