OPINION OF THE COURT
David B. Saxe, J.
Where jurisdiction has previously been acquired over a defendant through proper service of the original summons and complaint, is the court subsequently divested of jurisdiction over that defendant if service of the supplemental summons and amended complaint is improperly made? Here, the plaintiff served the defendant Michael I. Schaffer Co., Inc. (which had already appeared by counsel in the action) with the supplemental pleadings directly rather than by serving its attorneys, as is required by CPLR 2103 and 3012. Based on this defect, the defendant asserted in its answer to the amended complaint the affirmative defense of lack of jurisdiction, and the plaintiff has brought this motion to strike that affirmative defense.
The issue therefore presented on this motion is what are the *870 repercussions for failure to observe CPLR 2103 which requires that service of all papers in a pending action be made on a party’s attorney, once that party, as here, has appeared by counsel.
Defendant does not dispute that service of the original summons and complaint upon it was proper. But, because plaintiffs subsequent service of the supplemental pleadings upon it was defective, defendant contends it may assert the affirmative defense of lack of jurisdiction in its answer to the amended complaint.
It is the plaintiffs position that jurisdiction was properly obtained over the defendant by service of the original pleadings and that improper service of later papers does not affect the court’s previously established jurisdiction over the defendant.
The applicable sections of the CPLR are sections 3012 (a) and 2103 (b):
"§ 3012. Service of pleadings and demand for complaint
"(a) Service of pleadings. The complaint may be served with the summons. A subsequent pleading asserting new or additional claims for relief shall be served upon a party who has not appeared in the manner provided for service of a summons. In any other case, a pleading shall be served in the manner provided for service of papers generally” (emphasis supplied).
"§ 2103. Service of papers * * *
"(b) Upon an attorney. Except where otherwise prescribed by law or order of court, papers to be served upon a party in a pending action shall be served upon his attorney.”
Admittedly, here, where the defendant had already appeared by an attorney in this action, the plaintiff was required, pursuant to the foregoing CPLR sections to serve the subsequent pleadings upon defendant’s attorneys. Their service upon the defendant directly was therefore improper. The defendant, however, did not reject service of these papers nor did it bring a motion to dismiss the supplemental summons and amended complaint. Instead, it accepted service, transmitted the papers to its attorneys who, in turn, prepared and served an answer to the amended complaint. Under the circumstances, I hold that the defendant waived any right it may have had to object to service of the supplemental pleadings.
Moreover, I hold that the improper service of papers, including subsequent pleadings, in a pending action does not *871 divest a court of personal jurisdiction over a defendant once jurisdiction has been properly obtained. As stated by Joseph M. McLaughlin in the 1982 CPLR Supplementary Practice Commentaries (McKinney’s Cons Laws of NY, Book 7B, CPLR C2103:2, p 158, 1986 Pocket Part): "It should be remembered that Rule 2103 does not deal with service of process or other papers that are conditions precedent to the commencement of an action. Rule 2103 deals with the service of interlocutory papers after jurisdiction has been acquired and an action is pending. Jackson v. State, 1981, 85 A.D.2d 818, 445 N.Y.S.2d 620.”
That jurisdiction is not affected is also made clear by the McKinney’s Practice Commentaries to the CPLR authored by David Siegel, particularly C3012:8 which states: "if a defendant has unqualifiedly appeared in the action and made no jurisdictional objections, he is apparently subject to whatever additional claims the plaintiff may interpose against him, such as in an amended complaint.” (McKinney’s Cons Laws of NY, Book 7B, CPLR C3012:8, pp 586-587.)
That is the case here. Although the plaintiff’s actions may have run counter to the applicable provisions of the CPLR and perhaps even to Code of Professional Responsibility, DR 7-104, which prohibits an attorney during the course of his representation of a client in a matter from communicating with an adverse party he knows to be represented by an attorney (see, 1136 E. Corp. v New York State Liq. Auth., 58 Misc 2d 217 [Sup Ct, Kings County 1968]); these actions did not affect the jurisdiction already acquired over the defendant here. Accordingly, the motion to strike the defendant’s affirmative defense of lack of jurisdiction is granted.
With respect to the discovery aspects of this application, item No. 11 of defendant’s demand for a bill of particulars is vacated as irrelevant. Here, information regarding the plaintiff’s insurance coverage is of no relevance to this case. CPLR 3101 (f) is not applicable.
In addition, the notice for discovery and inspection is overbroad and lacks the required specificity. It is vacated (CPLR 3120 [a] [1]). Where a party lacks knowledge as to the existence of documents which it seeks through disclosure, the favored procedure is to first conduct an examination before trial (King v Morris, 57 AD2d 530) in order to identify the documents.