[907 NYS2d 571]

THE PARK AVENUE BANK, Plaintiff, v CONG. AND YESHIVA OHEL
YEHOSHEA, Also Known as CONG. AND YESHIVA OHEL YE-
HOSHEA, INC., et al., Defendants.

Supreme Court, Kings County, August 2, 2010

APPEARANCES OF COUNSEL

*Sanford Solny*, for Cong. & Yeshiva Ohel Yehoshea, Also Known as Cong. & Yeshiva Ohel Yehoshea, Inc., defendant. *Kriss & Feuerstein LLP* (*Jerold C. Feuerstein* and *Matthew Klein* of counsel), for plaintiff.

## OPINION OF THE COURT

Jack M. Battaglia, J.

Plaintiff mortgagee The Park Avenue Bank commenced a nonjudicial proceeding for foreclosure on February 4, 2009 with the filing of a notice of pendency in a nonjudicial foreclosure proceeding pursuant to RPAPL article 14. On February 27, the

Bank filed a second notice of pendency in a nonjudicial foreclosure proceeding pursuant to RPAPL article 14, together with an amended notice of intention to foreclose. On March 5, the second notice of pendency and the amended notice of intention to foreclose were mailed "by Regular, First Class Mail, and Certified Mail Return Receipt Requested" to defendant mortgagor Cong. and Yeshiva Ohel Yehoshea, also known as Cong. and Yeshiva Ohel Yehoshea, Inc.

By order to show cause dated May 19, 2009, defendant mortgagor moved for an order, pursuant to RPAPL 1421, "directing th[at] further proceedings be conducted pursuant to RPAPL § 13 and that all proceedings under RPAPL § 14 be dismissed together with the *Lis Pendens* filed in this matter." Defendant mortgagor contended, among other things, that plaintiff mortgagee "failed to properly comply with the time requirements mandated by the Statute." (Attorney's affirmation ¶ 9.) By decision and order dated September 9, 2009, this court granted defendant's application to the extent that it stayed "any further proceedings to foreclose the subject mortgage pursuant to RPAPL article 14," and ordered that the "foreclosure shall proceed, if at all, pursuant to RPAPL article 13." The court expressly stated that the remedy for a mortgagee's failure to comply with the statutory requirements "does not include dismissal of the proceeding and cancellation of the notice of pendency."

Defendant's Cross Motion to Dismiss

The court will first address defendant's cross motion because its resolution may render plaintiff's motion moot. On December 29, 2009, plaintiff purportedly served a summons with notice and verified complaint in a foreclosure action, seeking foreclosure pursuant to RPAPL article 13, by delivery to defendant's counsel through Federal Express. In its cross motion, defendant contends that it is entitled to dismissal of the action against it on the ground that the court lacks jurisdiction over defendant due to improper service of process.

Defendant contends, among other things, that plaintiff improperly served it by mailing to its attorney by Federal Express, and that plaintiff was instead required to serve process upon it pursuant to CPLR 311 or Not-For-Profit Corporation Law § 306. Defendant contends that

> "[i]n a last desperate attempt to validate its service Plaintiff's attorney has submitted a novel theory, that service upon an attorney that previously ap-

peared for the Defendant in a non-judicial foreclosure (which was dismissed by the Court) can be deemed an agent of the Defendant for purposes in [*sic*] service in [*sic*] ordinary foreclosure action." (*See* attorney's reply affirmation ¶ 7.)

Defendant also argues that "there is no case law which would support a theory that an agent can be served by Federal Express."

Initially, defendant's contention that the court dismissed the nonjudicial foreclosure proceeding is without merit. This court's decision and order dated September 9, 2009 expressly stated that the remedy for a mortgagee's failure to comply with the statutory requirements "does not include dismissal of the proceeding and cancellation of the notice of pendency." Rather, the court ordered that the "foreclosure shall proceed, if at all, pursuant to RPAPL article 13." By not dismissing the proceeding and ordering that it proceed, if at all, pursuant to RPAPL article 13, the court allowed the nonjudicial foreclosure to be converted into a judicial foreclosure action.

Moreover, since the proceeding, albeit converted into a RPAPL article 13 action, continued under the same index number, it was appropriate for plaintiff to serve any papers upon defendant's attorney of record. CPLR 3012 (a) provides, in pertinent part, "A subsequent pleading asserting new or additional claims for relief shall be served upon a party who has not appeared in the manner provided for service of a summons. In any other case, a pleading shall be served in the manner provided for service of papers generally."

Here, since defendant has appeared in the action, plaintiff's service of a subsequent pleading could be made "in the manner provided for service of papers generally." Simply stated, the court already had jurisdiction over defendant. (*See Doyle v Happy Tumbler Wash-O-Mat*, 113 AD2d 818, 820 [2d Dept 1985] ["It is well settled that a defendant who is already properly in an action need not be served with original process when a new claim is to be made against it"]; *see also Patrician Plastic Corp. v Bernadel Realty Corp.*, 25 NY2d 599, 607-608 [1970].)

CPLR 2103 (b) provides, in pertinent part, "Except where otherwise prescribed by law or order of court, papers to be served upon a party in a pending action shall be served upon the party's attorney." As such, plaintiff was required to serve papers upon defendant's attorney pursuant to CPLR 2103 (b).

Defendant's counsel's contention that it is not appropriate to serve by Federal Express is also without merit. CPLR 2103 (b)

(6) provides, in pertinent part, that service upon an attorney may be made "by dispatching the paper to the attorney by overnight delivery service at the address designated by the attorney for that purpose or, if none is designated, at the attorney's last known address"; and that " 'overnight delivery service' means any delivery service which regularly accepts items for overnight delivery to any address in the state." It cannot be seriously argued that Fed Ex is not an "overnight delivery service."

In determining that plaintiff's service upon defendant's counsel was valid, the court is cognizant that on November 9, 2009, plaintiff purportedly attempted to serve defendant by delivering the summons with notice and verified complaint in a foreclosure action and notice of pendency to Martin Fried, the purported managing agent of defendant. Defendant has submitted the solemn affirmation of Hershel Landau, an officer of defendant, to the effect that Martin Fried is unknown to him, and is not authorized to accept service on behalf of defendant. Nonetheless, "improper service of papers, including subsequent pleadings, in a pending action does not divest a court of personal jurisdiction over a defendant once jurisdiction has been properly obtained." (*See Cooky's Is. Steak Pub v Yorkville Elec. Co.*, 130 Misc 2d 869, 870-871 [Sup Ct, NY County 1986], cited by *Peterkin v City of New York*, 293 AD2d 244, 249 [2d Dept 2002].) Nonetheless, plaintiff's attempt to serve a party with papers whom counsel knows is represented by counsel may violate rule 4.2 of the Rules of Professional Conduct (22 NYCRR 1200.0), and may be the source of confusion, inviting the cross motion made by defendant here.

Defense counsel's claim that he no longer represented defendant at the time that plaintiff served him with papers is not supported by any order of the court or consent to change attorney pursuant to CPLR 321 (b), and is undermined by the fact that he continues to represent defendant on these motions.

The court has not considered defendant's other contentions seeking dismissal raised for the first time in its reply papers. (*See Adler v Suffolk County Water Auth.*, 306 AD2d 229, 230 [2d Dept 2003].)

Accordingly, defendant's cross motion to dismiss is denied.

Plaintiff's Motion

With its motion, plaintiff seeks primarily an order appointing a referee to compute. Although the notice of motion fails to

comply with CPLR 2214 (a) in that it fails to specify the grounds for the relief demanded, a review of counsel's accompanying affirmation of regularity indicates that plaintiff is seeking a judgment by default pursuant to CPLR 3215 (f). (*See HSBC Bank USA, N.A. v Betts*, 67 AD3d 735, 736 [2d Dept 2009].)

According to plaintiff's counsel, now stated to be either "the attorneys of record for Valley National Bank, as successor to" plaintiff (*see* attorney's affirmation in opposition to defendant's cross motion to dismiss ¶ 1) or "attorneys for Plaintiff, The Park Avenue Bank" (*see* surreply in opposition to defendant's cross motion ¶ 1), but nowhere stated to be counsel to both Valley National Bank (VNB) and The Park Avenue Bank (PAB):

> "[O]n March 12, 2010, PAB was placed into receivership by the Federal Deposit Insurance Corporation ('FDIC'), as receiver, and contemporaneously therewith the assets of PAB were sold to VNB pursuant to the statutory authority granted to the FDIC under 12 U.S.C. § 1821 (d) (2) (A). As such, VNB has succeeded in [*sic*] the interests of PAB under the subject loan pursuant to that certain Purchase and Assumption Agreement, dated as of March 12, 2010 . . . between VNB and the FDIC." (*Id.* ¶ 7.)

These events took place after service of plaintiff's motion on February 23, 2010. Defendant contends that plaintiff's motion "must be denied without prejudice for the Valley National Bank to properly substitute itself in the place of the Park Avenue Bank or in the alternative to discontinue this case and commence a new action in its own name." (*See* attorney's reply affirmation ¶ 15.)

CPLR 1018 provides, "Upon any transfer of interest, the action may be continued by or against the original parties *unless* the court directs the person to whom the interest is transferred to be substituted or joined in the action" (emphasis added). The import seems clear: the action may continue in the absence of formal substitution, but substitution or joinder is within the discretion of the trial court. (*See NationsCredit Home Equity Servs. v Anderson*, 16 AD3d 563, 564 [2d Dept 2005]; *Lincoln Sav. Bank, FSB v Wynn*, 7 AD3d 760, 761 [2d Dept 2004].)

Here, discretion lies in staying the action pending a determination of where the interest lies, i.e., in plaintiff The Park Avenue Bank or the putative successor Valley National Bank, or perhaps both, and, therefore, whether substitution or joinder

would be appropriate. At this point, the court has only counsel's assertions, which are unsupported by any documentary evidence, including an affidavit of personal knowledge, or by any explication of the law in the financially chaotic circumstances of the past two years. Equity seeks clarity and certainty, particularly in matters related to ownership interests in real property.

The court also notes defendant's contention that the Attorney General is a necessary party to this action (*see* CPLR 1001 [a]) because defendant is a synagogue (*see* attorney's reply affirmation ¶ 16; solemn affirmation of Herschel Landau ¶¶ 3, 5). Defendant submits a copy of a verified complaint filed in an unrelated action, also pending in Kings County Supreme Court (index No. 15317/09), commenced by "Valley National Bank as successor in interest to The Park Avenue Bank" against, among others, Nesivos Bais Yaakov and "Attorney General of the State of New York." The verified complaint is signed by the same law firm that represents Valley National Bank or The Park Avenue Bank here, and alleges, "The Attorney General of the State of New York is made a necessary party defendant to this action solely by virtue that the defendant Nesivos Bais Yaakov is a Religious Corporation organized and existing under the Religious Corporation Laws of the State of New York" (verified complaint, fourteenth para).

Although defendant's cross motion to dismiss is grounded only in CPLR 3211 (a) (8) for lack of personal jurisdiction, and not in CPLR 3211 (a) (10) for the "absence of a person who should be a party," a motion to dismiss on the latter ground is not limited to the "time before service of the responsive pleading is required" (*see* CPLR 3211 [e]). The absence of a necessary party would appear be an appropriate consideration on determination of a motion for judgment by default or a stay pending substitution or joinder (*see* CPLR 2201).

Neither party sufficiently addresses the question whether the Attorney General is a necessary party to an action to foreclose on a mortgage on religious property; neither cites to any statute or case law. Plaintiff does acknowledge that as to the subject mortgage the Attorney General exercised his "oversight authority" pursuant to Religious Corporations Law § 12 (1) "to protect the interests of non-profit religious corporations from making imprudent loans." (*See* surreply in opposition to defendant's cross motion ¶ 10.)

Generally, section 12 of the Religious Corporations Law provides that "[a] religious corporation shall not sell [or]

mortgage . . . any of its real property without applying for and obtaining leave of the court" pursuant to section 511 of the Not-For-Profit Corporation Law. (Religious Corporations Law § 12 [1].) The court may authorize a sale or mortgage "[i]f it shall appear, to the satisfaction of the court, that the consideration and the terms of the transaction are fair and reasonable to the corporation and that the purposes of the corporation or the interests of the members will be promoted." (N-PCL 511 [d].) "The purpose of this requirement is to protect the members of the religious corporation, the real parties in interest, from loss through unwise bargains and from perversion of the use of the property." (*Church of God of Prospect Plaza v Fourth Church of Christ, Scientist, of Brooklyn*, 76 AD2d 712, 716 [2d Dept 1980], *affd* 54 NY2d 742 [1981].)

"Where leave of the court has not been obtained in accordance with the statutes, the mortgage is invalid . . . [and] no action to foreclose the . . . mortgage [is] maintainable." (*See Bernstein v Friedlander*, 58 Misc 2d 492, 495 [Sup Ct, Kings County 1968]; *see also Brighton Way, LLC v Queen Esther's Temple, Inc.*, 19 Misc 3d 1137[A], 2008 NY Slip Op 51051[U], *3 [Sup Ct, Queens County 2008].) Once so approved, however, the mortgage is subject to foreclosure like any other mortgage, including with judgment by default. (*See Berlin v New Hope Holiness Church of God*, 93 AD2d 798, 798 [2d Dept 1983].)

Although the Attorney General has a role on petitions for authorization to mortgage real property owned by a religious corporation (*see* N-PCL 511 [b]; Religious Corporations Law § 2-b [1] [d-1]), there is no statutory requirement that the Attorney General be made a party to a foreclosure action, or even be notified that an action has been commenced or application made for judgment and sale.

Nonetheless, the court may remain mindful that "[t]his is an action in equity involving a religious corporation, one of a class of litigants that the Legislature had determined to be entitled to special safeguards" (*see Berlin v New Hope Holiness Church of God, Inc.*, 93 AD2d at 799 [Rubin, J., dissenting]). One need not accept defendant's contention that the subject loan and mortgage are somehow "predatory" (*see* attorney's reply affirmation ¶ 15), to recognize that they preceded the recent turmoil in the financial and real estate markets, and that the Attorney General's interest in oversight of the sale of the property of a religious corporation might extend to the method and terms of foreclosure sale. Indeed, Valley National Bank, plaintiff's puta-

tive successor in interest, and its counsel appear to have recognized that interest in making the Attorney General a party in an action pending in this court for foreclosure of property owned by another religious corporation.

An auction of religious property on the courthouse steps on a foreclosure sale may not be consistent with the purposes and policies expressed in the provisions of section 12 of the Religious Corporations Law. There seems little to be lost, and perhaps much to be gained, by giving the Attorney General the opportunity to express an interest in such a proceeding, even if not as a necessary party.

Plaintiff's motion is denied, with leave to renew after substitution or joinder of Valley National Bank, or in connection with a motion for substitution or joinder, with notice to the Attorney General by mail or in person (*see* N-PCL 511 [b]), together with a copy of this decision and order.

Defendant's cross motion is denied.