| |
|---|
| **Stone v Dim Sum Palace, Inc.** |
| 2025 NY Slip Op 32737(U) |
| August 8, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 151794/2024 |
| Judge: Mary V. Rosado |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: **HON. MARY V. ROSADO**                    PART                33M

*Justice*

-----------------------------------------------------------------------------X

ZACHARY STONE, DELIA BEATRIZ MARTINEZ, NICOLAS CIANCA,

|  |  |
|---|---|
| INDEX NO. | 151794/2024 |
| MOTION DATE | 04/18/2025 |
| MOTION SEQ. NO. | 003 |

Plaintiff,

- v -

DIM SUM PALACE, INC.,DIM SUM PALACE, DIM SUM PALACE YAN, INC.,DIM SUM PALACE V INC.,DIM SUM PALACE VI INC.,DIM SUM SAM INC.,DIM SUM YAN INC.,DIM SUM PALACE EXPRESS INC.,DIM SUM NOW INC.,KEVIN YAN, SAM YAN, DIM SUM V INC, DIM SUM VI INC, JOHN DOES, ABC CORPS. I - X,

**DECISION + ORDER ON MOTION**

Defendant.

-----------------------------------------------------------------------------X

KEVIN YAN, SAM YAN, DIM SUM V INC

Third-Party
Index No. 596190/2024

Plaintiff,

-against-

B&J HOOD AND DUCT CLEANING, INC.

Defendant.

-----------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 003) 124, 125, 126, 127, 128, 129, 130, 131, 132, 133, 137, 138, 139, 140, 141, 142, 143, 144, 145, 146, 147, 148, 149, 150, 151, 152, 155, 156, 157, 158

were read on this motion to/for                    JUDGMENT - DEFAULT                    .

Upon the foregoing documents, and after a final submission date of June 3, 2025, Plaintiffs'

motion for default judgment against Defendants Dim Sum Palace Inc., Dim Sum VI Inc., Sim Sum

Palace Yan Inc., Dim Sum Sam Inc., Dim Sum Yan Inc., Dim Sum Palace Express Inc., and Dim

Sum Now Inc. (collectively "Defaulting Defendants") is denied. The Defaulting Defendants' cross

**151794/2024   STONE, ZACHARY ET AL vs. DIM SUM PALACE, INC. ET AL**
**Motion No.  003**

Page 1 of 4

motion to dismiss Plaintiffs' Second Amended Complaint[1] pursuant to CPLR 3211(a)(1) or (a)(8) or in the alternative compelling Plaintiffs to accept the Defaulting Defendants' Answer is granted in part and denied in part.

As a preliminary matter, Plaintiffs' motion for default judgment is denied. Although the Defaulting Defendants appeared late, they have appeared prior to default judgment being granted and appear ready to defend this matter. Moreover, the Court is mindful of New York's public policy in deciding cases on the merits as opposed to picayune technicalities (*see Genao v Salcedo Maintenance Corp.*, 168 AD3d 528, 529 [1st Dept 2019] citing *Yea Soon Chung v Mid Queens LP*, 139 AD3d 490 [1st Dept 2016]). Although Defaulting Defendants do not provide a very compelling reason for their delay in appearing, given their potentially meritorious defenses, and New York's public policy in deciding cases on the merits, Plaintiffs' motion for default judgment is denied.

Although Plaintiffs object to this Court considering Defaulting Defendants' opposition and cross-motion, which was filed one day late, this Court elects to decide the cross-motion on the merits. Plaintiffs were not prejudiced as they had sufficient time to respond to the opposition and cross-motion, and Defaulting Defendants' delay was not egregious – being just one day late.

Turning to the merits, Defaulting Defendants' cross-motion to dismiss Plaintiffs' Second Amended Complaint is denied. Although Defaulting Defendants argue they were not served with the Second Amended Complaint, Defaulting Defendants were served via the Secretary of State (NYSCEF Doc. 15). Once personal jurisdiction was obtained through service on the Secretary of

---

[1] The NYSCEF Docket reflects a filed Complaint (NYSCEF Doc. 1) followed by three subsequent amended complaints (NYSCEF Docs. 8, 14, and 17). Although NYSCEF Doc. 17 is labelled the "Second Amended Complaint" it is the third Amended Complaint filed. For the sake of clarity, and to avoid any confusion to the reader - Court will refer to NYSCEF Doc. 17, which is the latest operative pleading, as the "Second Amended Complaint" as that is the label given to it by Plaintiff.

**151794/2024  STONE, ZACHARY ET AL vs. DIM SUM PALACE, INC. ET AL**
**Motion No.  003**

**Page 2 of 4**

State, service of subsequent papers, including subsequent amended pleadings that added no new causes of action, is allowed via regular mail (*Park Avenue Bank v Cong. and Yeshiva Ohel Yehoshea*, 29 Misc.3d 446 [Sup. Ct., Kings County 2010] citing *Cooky's Island Steak Pub, Inc. v Yorkville Elec. Co.*, 130 Misc.2d 869 [Sup. Ct., NY County 1986]). Defaulting Defendants do not deny that they were served with the Amended Complaint via the Secretary of State. Their objection is lodged at being served with the Second Amended Complaint via regular mail. However, once jurisdiction was obtained over Defaulting Defendants via the Secretary of State, and the action against them was properly commenced, the Second Amended Complaint was an "intermediary paper" which could be served pursuant to CPLR 2103(c). Likewise, the motion to dismiss pursuant to CPLR 3211(a)(1) is denied. The affirmation submitted does not constitute documentary evidence (*Bou v Llamoza*, 173 AD3d 575 [1st Dept 2019], and the leases submitted do not definitively establish the relationship amongst the various corporate entities.

However, the Court grants the cross-motion to the extent it seeks leave to file and serve a late answer. As previously discussed, it is in line with New York's public policy, and in the interest of justice, to allow Defaulting Defendants to serve an Answer and to resolve this case on the merits (*Genao v Salcedo Maintenance Corp.*, 168 AD3d 528, 529 [1st Dept 2019]).

Accordingly, it is hereby,

ORDERED that Plaintiffs' motion for default judgment is denied; and it is further

ORDERED that the Defaulting Defendants' cross motion to dismiss is denied; and it is further

ORDERED that the Defaulting Defendants' cross motion to serve and file a late Answer is granted, and the Answer filed on May 28, 2025 (NYSCEF Doc. 142) shall be deemed timely

**151794/2024  STONE, ZACHARY ET AL vs. DIM SUM PALACE, INC. ET AL**
**Motion No.  003**

**Page 3 of 4**

3 of 4

[* 3]

served, *nunc pro tunc*, upon service of a copy this Decision and Order on Plaintiffs, with notice of entry; and it is further

ORDERED that the parties shall immediately meet and confer and submit an update case management order reflecting any outstanding discovery via e-mail to SFC-Part33-Clerk@nycourts.gov, but in no event shall the proposed order be submitted any later than September 24, 2025; and it is further

ORDERED that within ten days of entry, counsel for the Defaulting Defendants shall serve a copy of this Decision and Order, with notice of entry, on all parties via NYSCEF.

This constitutes the Decision and Order of the Court.

___8/8/2025___
**DATE**

_May V Rosado JSC_
**HON. MARY V. ROSADO, J.S.C.**

| CHECK ONE: | | ☐ CASE DISPOSED | | ☒ NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | | ☐ GRANTED | ☐ DENIED | ☒ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | | ☐ SETTLE ORDER | | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | ☐ INCLUDES TRANSFER/REASSIGN | | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

**151794/2024   STONE, ZACHARY ET AL vs. DIM SUM PALACE, INC. ET AL**
**Motion No.  003**

**Page 4 of 4**

4 of 4